**Ray MARSHALL, Secretary of Labor, United States Department of Labor**

v.

**SPRINGVILLE POULTRY FARM, INC.**

**Civ. No. 77–296.**

United States District Court, M. D. Pennsylvania.

Aug. 16, 1977.

Sal Cognetti, Jr., Asst. U. S. Atty., Scranton, Pa., for plaintiff.

Morey M. Myers, Robert J. Nolan, Scranton, Pa., for defendant.

MEMORANDUM

NEALON, Chief Judge.

The Secretary of Labor has instituted this action pursuant to Section 11(c) of the Occupational Health and Safety Act of 1970, 29 U.S.C. § 660(c), on behalf of three

of defendant's former employees [1] whom it alleges were fired for having filed complaints with their employer concerning occupational safety. Presently before the Court is defendant's motion to dismiss on the ground that the allegations of the complaint do not state a claim under § 660(c).

Title 29 U.S.C. 660(c)(1) reads as follows:

"No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."

The Secretary has interpreted this provision to include complaints filed by an employee with an employer, *see* 29 C.F.R. § 1977.9(c) and has filed this action on that basis.

Defendant contends that the Secretary's interpretation of § 660(c)(1) constitutes an unwarranted extension of the Act. Basically it argues that § 660(c)(1) should be read to prohibit discrimination based on the filing of only those complaints provided for in the Act and since the Act does not provide for the filing of complaints with an employer, the allegation that individuals were fired for filing such a complaint does not state a claim under this section. The Court does not agree with defendant's interpretation of the statute for two reasons: First, the construction that defendant advances would be contrary to a normal reading of the statute which requires that the complaint be *under or related* to the Act. Had the drafters of the statute intended to limit § 660(c)(1) in the manner that defendant suggests, they would have omitted the phrase "under or related to this chapter" and included the words "provided for in the Act" or words of similar import.

Second, the interpretation suggested by defendant would be contrary to the rules of statutory construction. Ordinary qualifying phrases are to be applied only to the words or phrases immediately preceding, and are not to be construed as extending to others more remote. This rule of the last antecedent clearly precludes the conclusion that the phrase "afforded by this chapter" in line 10 of § 660(c)(1) modifies and limits the word "complaint" in line 4. It is true that the rule of the last antecedent does not apply where context indicates otherwise, but such is not the case here because there is nothing in the Act itself or its legislative history which would suggest the construction defendant proffers. The Court notes the references to the legislative history made by the defendant but is satisfied that, taken in context, and in light of the clear language of the Act, they do not manifest a legislative intent to limit the scope of § 660(c)(1) in the manner defendant asserts.

Thus, the only requirement for a complaint under § 660(c)(1) is that it be "under or related" to the Act. The Court must now determine whether the complaint which constitutes the basis of this action meets that requirement.

In 29 C.F.R. § 1977.9(c), the Secretary interpreted a § 660(c)(1) complaint to include a complaint filed by an employee with his employer concerning occupational safety. The Court agrees with interpretation and with the Secretary's reasoning that the "salutary principles of the Act would be seriously undetermined if employees were discouraged from lodging complaints about occupational safety and health matters with their employers." 39 C.F.R. 1977.9(c)(1). Moreover, the complaint filed in this case concerns the same subject matter as the Act and would surely tend to further its purposes. This, in the Court's opinion, is sufficient to meet the requirement that it be "related" to the Act.

---

1. The Secretary brought this action on behalf of Donald Charles, Ronald White and Gwendolyn White.