SPENCER COUNTY
PRESERVATION,
INC., Appellant,

v.

BEACON HILL, LLC; Spencer County
Fiscal Court; David Jenkins, County
Judge–Executive; David Henry, Mag-
istrate; Anthony Travis, Magistrate;
Bill Shelburne, Magistrate; Bill Dru-
ry, Magistrate; and David Goodlett,
Magistrate, Appellees.

No. 2005–CA–000626–MR.

Court of Appeals of Kentucky.

Jan. 12, 2007.

Culver V. Halliday, Lee A. Webb, Stoll, Keenon & Park, LLP, Louisville, KY, for appellant.

John F. Carroll, Charles S. Tichenor, Porter & Associates, Shepherdsville, KY, for appellee, Beacon Hill, LLC.

Robert T. Watson, Chris J. Gadansky, Landrum & Shouse, Louisville, KY, for appellees, Spencer County Fiscal Court; David Jenkins, County Judge–Executive; David Henry, Magistrate; Anthony Travis, Magistrate; Bill Shelburne, Magistrate; Bill Drury, Magistrate; and David Goodlett, Magistrate.

Before JOHNSON [1] and TAYLOR, Judges; HUDDLESTON,[2] Senior Judge.

TAYLOR, Judge.

Spencer County Preservation, Inc. (SCP), brings this appeal from a February 17, 2005, order of the Spencer Circuit Court granting summary judgment for appellees. The circuit court held that SCP lacked standing to pursue an appeal of the Spencer County Fiscal Court's zoning action. For different reasons, we affirm.

In September 2004, pursuant to a recommendation by the Taylorsville–Spencer County Joint Planning and Zoning Commission, the Spencer County Fiscal Court approved an application for a zoning map amendment of 37.18 acres located in Spencer County and owned by Irvin and Anna Hochstrasser.[3] The zoning amendment changed the relevant zoning of the 37.18 acres from AG–1 Agricultural District to R–1 Residential District to permit development of a residential subdivision. On September 15, 2004, SCP filed a complaint in the Spencer Circuit Court seeking to appeal the zoning amendment of the 37.18–acre tract. In February 2005, the circuit court entered an order holding that SCP lacked standing and granted summary judgment in favor of appellees. This appeal follows.

SCP contends the circuit court committed error by granting appellees' summary judgment based upon SCP's lack of standing. The circuit court held that Kentucky Revised Statutes (KRS) 100.347(3) was dispositive upon the issue of standing. KRS 100.347(3) reads as follows:

> Any person or entity claiming to be injured or aggrieved by any final action of the legislative body of any city, county, consolidated local government, or urban-county government, relating to a map amendment shall appeal from the

**1.** Judge Rick A. Johnson concurred in this opinion prior to the expiration of his term of office on December 31, 2006. Release of the opinion was delayed by administrative handling.

**2.** Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

**3.** Beacon Hill, LLC is the successor in interest to Irvin and Anna Hochstrasser and has been substituted as an appellee in this appeal.

action to the Circuit Court of the county in which the property, which is the subject of the map amendment, lies. Such appeal shall be taken within thirty (30) days after the final action of the legislative body. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The legislative body shall be a party in any such appeal filed in the Circuit Court.

However, we view the issue before this Court to be more complicated than just one of standing. Rather, this case looks to compliance with statutory guidelines for pursuing an appeal from an administrative ruling. We believe the precise issue before this Court is whether it is mandatory under KRS 100.347(3) for a party to allege in its complaint on appeal to the circuit court that the party has been injured or aggrieved by the final action of the legislative body—in this case—the Spencer County Fiscal Court. Our focus is thus upon interpretation of KRS 100.347(3).

■ Section 115 of the Kentucky Constitution provides for appeals as a matter of right in all cases originating in our court system. However, the Kentucky Constitution does not contemplate that an administrative agency and its decisions are the equivalent of a court and the rulings therefrom. *Vessels v. Brown–Forman Distillers Corp.*, 793 S.W.2d 795 (Ky.1990). There is no question that the appeal of a planning and zoning decision is an appeal of an administrative decision made by an administrative body. *Taylor v. Duke*, 896 S.W.2d 618 (Ky.App.1995).

■ Where an appeal is filed in the circuit court by grant of a statute, as in this case, the parties must strictly comply with the dictates of that statute. *See Ky. Unemployment Ins. Comm'n v. Providian Agency Group, Inc.*, 981 S.W.2d 138 (Ky. App.1998). An appeal from an administra-

tive decision is a matter of legislative grace and not a right, and thus the failure to strictly follow statutory guidelines for the appeal is fatal. *Taylor*, 896 S.W.2d 618.

■ Again, we must interpret the language of KRS 100.347(3) to determine whether, in perfecting an appeal of a planning and zoning decision to the circuit court, a party must allege in its complaint to be injured or aggrieved by the final action of the legislative body. Our duty in the construction and interpretation of this statute is to ascertain and give effect to the intent of the general assembly. This duty has been framed by the Kentucky Supreme Court in *Hale v. Combs*, 30 S.W.3d 146 (Ky.2000). In *Hale*, the Court stated:

> The essence of statutory construction is to ascertain and give effect to the intent of the legislature. "We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used."

*Id.* at 151 (citation omitted). Additionally, we note that a statute should be interpreted in such a manner as to give meaning to each provision in accordance with the statute as a whole. *DeStock No. 14, Inc. v. Logsdon*, 993 S.W.2d 952 (Ky.1999). And, since statutory interpretation is purely a question of law, our review is *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717 (Ky.2000).

■ Upon review of the planning and zoning statutes and given the plain language of KRS 100.347(3), we believe a person or entity must claim in its complaint on appeal to be injured or aggrieved by a final action of a legislative body to pursue an appeal to the circuit court. In its complaint, SCP asserted that it was comprised of owners of property located near the Hochstrasser's property. How-

ever, upon thorough review of the complaint, we note that SCP failed to claim that it had been injured or aggrieved by the final action of the Spencer County Fiscal Court and failed to offer any factual allegation to support such claim.[4] In the absence of such a claim or facts in the complaint, a statutory mandate for the exercise of judicial power by the circuit court was not met, and the circuit court was required to dismiss the appeal for want of jurisdiction. *See Board of Adjustments v. Flood,* 581 S.W.2d 1 (Ky.1978).[5]

As concerns the standing argument, we agree with the authority cited by SCP that Kentucky courts have broadly interpreted the standing requirements set out in KRS 100.347(3). However, our courts have recognized a distinction between capacity to sue—the right to come into court—and standing to sue—the right to the relief sought. *Winn v. First Bank of Irvington,* 581 S.W.2d 21 (Ky.App.1978). In order to have a right to the relief sought under KRS 100.347(3), a person or entity must claim to be injured or aggrieved by an action of the legislative body. There was no such claim presented to the circuit court in this case.

Simply put, it was incumbent upon SCP to claim that it had been injured or aggrieved by the final action of the Spencer Fiscal Court and to allege facts supporting such claim in the complaint. The complaint, effectively being equivalent to a notice of appeal, failed to contain the necessary allegation that is a statutory requirement to pursue an appeal of the fiscal court action. *See Lexington–Fayette County Planning and Zoning Comm'n v. Levas,* 504 S.W.2d 685 (Ky.1973). Accordingly, we conclude the circuit court properly granted summary judgment.

For the foregoing reasons, the order of the Spencer Circuit Court is affirmed.

ALL CONCUR.

---

4. Spencer County Preservation, Inc. (SCP) argues that merely filing the complaint is sufficient to perfect the appeal. SCP also argues that the planning commission heard evidence of how members of SCP were aggrieved by the rezoning. However, this does not address statutory compliance required to perfect an appeal to the circuit court.

5. We also note that Ky. R. Civ. P. (CR) 8 could arguably permit construction of the complaint in SCP's favor or that CR 15 could permit the complaint to be amended; however, the Civil Rules do not apply in this type of litigation until the appeal has been perfected. *See Board of Adjustments v. Flood,* 581 S.W.2d 1 (Ky.1978).