KENTUCKY OCCUPATIONAL SAFE-
TY AND HEALTH REVIEW COM-
MISSION, Appellant

v.

ESTILL COUNTY FISCAL
COURT, Appellees

and

Secretary of Labor, Commonwealth
of Kentucky

2015-SC-000256-DG

Supreme Court of Kentucky.

DECEMBER 15, 2016

COUNSEL FOR APPELLANT: Frederick G. Huggins, Kentucky Occupational Safety & Health Review Commission

COUNSEL FOR APPELLEE ESTILL COUNTY FISCAL COURT: Daniel Barry Stilz, Lynn Sowards Zellen, Jonathan B. Fannin, Adrian M. Mendiondo, Kinkead & Stilz, PLLC, Rodney G. Davis, Estill County Attorney

COUNSEL FOR APPELLEE SECRETARY OF LABOR, COMMONWEALTH OF KENTUCKY: Michael Gary Swansburg, Jr., David Nelson Shattuck, Kentucky Labor Cabinet

## REVERSING

OPINION OF THE COURT BY JUSTICE KELLER

Mary Smith (Smith), a former employee of the Estill County Fiscal Court (the Fiscal Court), sent a letter to the Fiscal Court complaining about working conditions and was subsequently discharged. The Kentucky Occupational Safety and Health Review Commission (the Commission) determined by Final Order that Smith's letter constituted an occupational health "complaint" under Kentucky Revised Statute (KRS) 338.121(3)(a), and found that the Fiscal Court's discharge of Smith following

her letter was a violation of KRS 338.121(3)(a).

The Franklin Circuit Court affirmed the Commission's Final Order. On appeal, the Court of Appeals reversed, stating that the Commission had acted outside of its administrative role by interpreting what action constitutes a "complaint" under the Kentucky Occupational Safety and Health Act (KOSHA). The Court of Appeals held that only the Kentucky Occupational Safety and Health Board (the Board), the quasi-legislative body under KOSHA, could interpret the meaning of undefined terms. Having reviewed the record and the arguments of the parties, we reverse the Court of Appeals.

## I. FACTS.

The facts in this case are well-established and undisputed. Smith began working as a part-time dispatcher at the Estill County 911 Center, which is administered by the Fiscal Court, on March 23, 2009. The Fiscal Court permitted smoking in the dispatch room of the 911 Center. Smith became allergic to cigarette smoke, and she underwent surgery to alleviate a sinus infection she developed as a result of exposure to that smoke in the workplace.

On July 19, 2010, Smith wrote a letter to Estill County Judge Executive Wallace Taylor describing her tobacco smoke allergy and requesting that the Fiscal Court prohibit smoking in the 911 dispatch room. After receiving Smith's letter, Judge Taylor removed her from the dispatcher call schedule beginning the week of August 11, 2010. Smith filed a complaint with the Commission on August 18, 2010, alleging that she was discriminated against because of her letter to Judge Taylor. The Secretary of the Labor Cabinet (the Secretary) issued citations pursuant to KRS 338.121 (3)(b), charging the Fiscal Court with improperly discharging and discriminating against Smith for filing a "complaint" under KRS 338.121(3)(a).[1]

The Commission assigned a hearing officer who adjudicated the citations and found that Smith's letter to Judge Taylor qualified as a "complaint," a protected activity under KOSHA. In doing so, the hearing officer turned to persuasive authority from the federal Occupational Safety and Health Act (Fed. OSHA) regulation 29 Code of Federal Regulations (CFR) 1977.9(c), which states that the "filed any complaint" language of the Fed. OSHA discrimination statute includes employee-to-employer communications.

After finding that Smith was removed because of her letter, the hearing officer recommended that Smith be reinstated to her part-time position and awarded lost wages for the time she had been removed from the dispatch call schedule. The Commission's Final Order adopted the hearing officer's recommendation.

The Fiscal Court appealed to the Franklin Circuit Court. Because no statute or regulation specifically states such a letter from employee to employer qualifies as a "complaint" under KOSHA, the Fiscal Court claimed that the Secretary and hearing officer had impermissibly engaged in rulemaking by finding Smith's letter qualified as a "complaint" under KRS 338.121(3)(a). The Circuit Court affirmed the Commission, finding that the Secretary properly issued citations to the Fiscal Court under KRS 338.121(3)(b), and that the Commission's Final Order was not an arbitrary interpretation of what qualifies as a "complaint" under KRS 338.121(3)(a).

1. Under the former Secretary, the Labor Cabinet was aligned with the Commission on this issue. When a new Secretary took office on December 8, 2015 he changed the Cabinet's position, joining the Fiscal Court as an Appellee herein.

On appeal, the Court of Appeals reversed the Circuit Court, finding that the Commission's reliance on Fed. OSHA interpretations was improper. The Court of Appeals noted that, although a federal regulation interprets Fed. OSHA as protecting employees from being discharged or discriminated against because of complaints filed with their employers, Kentucky had no such regulation at that time.[2] The Court of Appeals held that a Kentucky regulation must specify that employee communications to employers are complaints protected under KOSHA before the Commission may find employer discrimination.

The Court of Appeals stated that KOSHA has two separate administrative bodies with distinct roles: the Board, which serves a policy-making role, and the Commission, which adjudicates claims filed under KOSHA. The Court of Appeals stated that the Board is the only body with the power to define terms in KOSHA and its interpretive regulations. Because the Board had not adopted 29 CFR 1977.9 or promulgated a rule defining "complaint," the Court of Appeals held that when the Commission defined complaint it acted outside of its adjudicatory role and crossed over into the Board's policy-making role. Thus, the Court of Appeals found the Commission had arbitrarily exceeded its statutory authority under KOSHA. The Commission sought discretionary review, which we granted to clarify the issue of deference to agency determinations of law.

## II. STANDARD OF REVIEW.

Administrative agencies may make determinations of law through adopted regulations and formal adjudication. We review agency determinations of law de novo and the standard of review is set forth in Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), as adopted by this Court:

> So long as it is in "the form of an adopted regulation or formal adjudication," we review an agency's interpretation of a statute it is charged with implementing pursuant to the doctrine enunciated in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 [104 S.Ct. 2778, 81 L.Ed.2d 694] (1984).
>
> Metzinger v. Ky. Ret. Sys., 299 S.W.3d 541, 545 (Ky. 2009) (internal citations omitted).

Under the Chevron doctrine, the Supreme Court outlined a two-step analysis of judicial deference to agency determinations of law. First, if the statutory language is clear, then we will offer no deference to agency action outside the statute's clear language. Chevron, 467 U.S. at 842–43, 104 S.Ct. 2778. However, if the statutory language is ambiguous, then we defer to an agency's reasonable interpretation of the agency's enabling statute. Id. at 843, 104 S.Ct. 2778. Where the General Assembly does not use language that addresses the specific question at issue, the

---

**2.** Notably, the Board amended its regulations to include a definition for "complaint." The June 12, 2015 amendment to 803 Kentucky Administrative Regulations (KAR) 2:250(3) states: "Complaint" means "any oral or written communication related to an occupational safety and health concern made by an employee to an employer, governmental agency; or made to the commissioner or the commissioner's designee." Because the Board revised its regulations to clarify that employee-to-employer communication is a "complaint," and thereby a protected activity under KRS 338.121, the outcome of this case is limited in that it is only applicable to Smith and other similarly-situated plaintiffs who have preserved their right to appeal on claims for reinstatement and backpay prior to 803 KAR 2:250(3)'s amendment.

standard of review for an agency's interpretation of unclear, ambiguous language in a statute is whether the agency used "a permissible construction of the statute" to reach its adjudicative decision. *Metzinger*, 299 S.W.3d at 546 (quoting *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778).

## III. ANALYSIS.

■ The Commission asserts four arguments in its appeal; however, this case revolves around one issue: whether the Commission's Final Order permissibly determined that Smith's letter to her employer was a "complaint" under KOSHA, and thereby a protected activity under KRS 338.121.

The General Assembly clearly stated the purpose of KOSHA in KRS 338.011:

[T]he General Assembly declares that it is the purpose and policy of the Commonwealth of Kentucky to promote the safety, health and general welfare of its people by preventing any detriment to the safety and health of all employees, both public and private, covered by this chapter, arising out of exposure to harmful conditions . . . .

The General Assembly also provided protection to employees who bring to light violations of KOSHA:

No person shall discharge or in any manner discriminate against any employee because such employee has *filed any complaint* or instituted or caused to be instituted any proceeding *under or related to this chapter*. . . . (emphasis added).

KRS 338.121(3)(a). Thus, if Smith's letter was a "complaint . . . related to" an occupational safety and health concern, it constitutes protected activity within the statute. The issue herein arose because the General Assembly did not define the term "complaint" under KOSHA, and, at the time the Fiscal Court's citations were before the Commission, 803 KAR 2:250, the regulation promulgated by the Board setting forth how to handle KRS 338.121 citations, did not define "complaint" either.

■ We agree with the Court of Appeals that agencies do not make law, which is a duty entrusted to the General Assembly. Rather, the General Assembly delegates to agencies the power to interpret the law through regulations and administrative adjudications. As such, KOSHA constitutes an implicit delegation of interpretive authority to the agencies within the Kentucky Occupational Safety and Health Program.

We also agree with the Court of Appeals's analysis of the history of Fed. OSHA and the KOSHA "split-authority" model. However, the Court of Appeals went astray with its analysis of the "split-authority" model, mistakenly holding that statutes can only be interpreted or enforced through an interpretive regulation. Such a holding is contrary to the *Chevron* doctrine, which states that the power to interpret an agency's enabling statute resides not only in the regulatory body, but also in the adjudicative body through formal adjudication. *United States v. Mead Corp.*, 533 U.S. 218, 226–27, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (clarifying that *Chevron* deference applies where agencies are delegated authority to interpret the law, which may be shown in pertinent part "by an agency's power to engage in adjudication or notice-and-comment rulemaking[.]"). As a quasi-judicial body, the Commission was established by the General Assembly to conduct hearings brought under KOSHA and may interpret any ambiguity in the statute in order to render final orders that accomplish KOSHA's purpose. The Court of Appeals failed to recognize that the Board and the Commission respectively exercise the authority to inter-

pret the meaning of undefined terms within KOSHA when crafting regulations and adjudicating claims that address employee workplace safety and health concerns. Because the Court of Appeals determined that the Commission lacked the authority to interpret the statute, it failed to address whether the Commission's interpretation of the term "complaint" was reasonable. We do so now.

▪ Following the *Chevron* doctrine as adopted by this Court in *Metzinger*, we give deference to the Commission's Final Order if its statutory construction was reasonable. In other words, the Commission's interpretation must not have been arbitrary or contrary to the stated purpose of the statute. Because there was no Kentucky statute or regulation specifically defining what constituted a "complaint," the hearing officer and the Commission were required to act reasonably within their discretion to interpret KRS 338.121(3) to accomplish the purpose of KOSHA—promoting the safety, health and general welfare of the citizens of the Commonwealth by addressing safety and health risks in the workplace.

▪ When interpreting an undefined term in a statute, such as "complaint," we look to traditional canons of statutory construction to determine legislative intent. First, we interpret the law by applying the plain and ordinary meaning of relevant language within the statute. According to

its plain meaning definition, a "complaint" is "an expression of dissatisfaction, resentment, or pain; a cause for complaining." *Webster's II New Riverside University Dictionary* (1984). Because KOSHA did not clearly indicate legislative intent with regard to the definition, it was appropriate for the hearing officer and the Commission to interpret "complaint" as meaning an expression of concern about workplace safety and health. That definition is not only reasonable, but is also in keeping with KOSHA's statutory purpose as set forth above.[3]

▪ Next, we look to other jurisdictions with statutes similar to KOSHA in order to supplement KOSHA's lack of a definition for "complaint." The language and framework of KOSHA are patterned after Fed. OSHA,[4] and, as we stated in *Kentucky Labor Cabinet v. Graham*, 43 S.W.3d 247, 253 (Ky. 2001) (abrogated on other grounds by *Hoskins v. Maricle*, 150 S.W.3d 1 (Ky. 2004)), KOSHA should be interpreted in accord with Fed. OSHA. Therefore, the hearing officer and the Commission appropriately turned to federal sources for guidance. In doing so, they looked to federal regulations interpreting Fed. OSHA, and determined that Smith's letter expressing concern to the Fiscal Court about smoking in the workplace would have been a "complaint" under Fed. OSHA. The hearing officer and the Com-

3.  The canons of liberal construction and common usage are codified in KRS 446.080:
    (1) All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state.
    . . .
    (4) All words and phrases shall be construed according to the common and approved usage of language, but technical

words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning.

4.  29 United States Code (USC) 670(c) encouraged the Commonwealth and other states to adopt programs similar to Fed. OSHA, so long as state statutory schemes at least provided the minimum protection afforded to employees by Fed. OSHA. Subsequently, the General Assembly adopted KOSHA.

mission did not, as the Court of Appeals implied, state that KOSHA was bound by 29 CFR 1977.9. Rather, the hearing officer and the Commission looked to the federal regulation for guidance regarding what constitutes a reasonable interpretation of the word "complaint."

Furthermore, the hearing officer and the Commission permissibly looked for direction from federal cases that construe Fed. OSHA as covering good faith safety and health complaints to employers. For example, *Chao v. Blue Bird Corp.*, No. 5:06–CV–341 (CAR), 2009 WL 485471 (M.D. Ga., Feb. 26, 2009), involved an employee who was terminated after expressing safety concerns about operating a lift without first being properly instructed on how to safely operate it. The court found that the employee's verbal safety concern constituted a "complaint" protected under Fed. OSHA. The hearing officer and the Commission also looked to *Marshall v. Springville Poultry Farm, Inc.*, 445 F.Supp. 2 (M.D. Penn. 1977), where the court held that employees who expressed safety and health concerns to their employer had engaged in protected activity under Fed. OSHA. Even though these federal cases rely on 29 CFR 1977.9 for defining employee-to-employer communication as a "complaint," they are instructive because they also provide guidance regarding the reasonable interpretation of the word "complaint." Additionally, their interpretations of complaint are consistent with KRS 446.080's mandate that KOSHA be broadly interpreted to promote its purpose.

Finally, the hearing officer and the Commission looked to *Terminix Int'l, Inc. v. Sec'y of Labor*, 92 S.W.3d 743 (Ky. App. 2002), an opinion in which the Court of Appeals determined that a threat by the mother of an employee to report her son's supervisor to KOSHA constituted a "complaint." We note that the Court of Appeals ignored its holding in *Terminix* when deciding Smith's appeal. And, although we are not bound by an opinion of the Court of Appeals, we find *Terminix* to be persuasive.

Based on persuasive federal authority and *Terminix*, the hearing officer and the Commission reasonably interpreted the word "complaint" as encompassing Smith's employee-to-employer letter. That interpretation is not only reasonable, but also in accord with the purpose of KOSHA. Therefore, although we are not bound to do so, *Bd. of Educ. v. Hurley–Richards*, 396 S.W.3d 879, 885–86 (Ky. 2013), we give deference to that interpretation.

## IV. CONCLUSION.

For the foregoing reasons, we reverse the Court of Appeals and reinstate the Final Order of the Commission.

All sitting. All concur.