RENDERED: JANUARY 22, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0055-MR

COMMONWEALTH OF KENTUCKY                                    APPELLANT


                    APPEAL FROM FAYETTE CIRCUIT COURT
v.              HONORABLE ERNESTO M. SCORSONE, JUDGE
                       ACTION NO. 09-CR-01663-002


REBECCA DAWN HAMPTON                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

TAYLOR, JUDGE:  Commonwealth of Kentucky brings this appeal from a

December 12, 2019, order of the Fayette Circuit Court granting Rebecca Dawn

Hampton's application to vacate and expunge her prior felony conviction.  We

affirm.

            On November 4, 2009, Hampton was indicted by a Fayette County

Grand Jury of trafficking in controlled substance in or near school (within 1,000

yards of a school - Kentucky Revised Statutes (KRS) 218A.1411).[1]  Pursuant to a

plea agreement with the Commonwealth, Hampton pleaded guilty to trafficking in

controlled substance in or near school (within 1,000 yards of a school).  There is no

dispute this offense was a Class D felony.  KRS 218A.1411.  By Final Judgment

entered March 1, 2010, Hampton was sentenced to one year of imprisonment,

which was probated for three years.

On August 29, 2019, Hampton filed an Application to Vacate and

Expunge Felony Conviction in the Fayette Circuit Court.  Hampton argued that her

felony conviction was eligible for expungement under KRS 431.073.[2]  The circuit

court ultimately agreed.  By a December 12, 2019, order, the circuit court granted

Hampton's application to vacate and expunge her felony conviction.  This appeal

follows.

The Commonwealth claims the circuit court erroneously granted

Hampton's motion to expunge her felony conviction by improperly interpreting

KRS 431.073(1)(d).  More particularly, the Commonwealth believes that a proper

interpretation of KRS 431.073(1)(d) would exclude expungement of Hampton's

---

[1] Kentucky Revised Statutes (KRS) 218A.1411 was amended in June 2011 to shrink the enhancement zone around schools and classrooms from 1,000 yards to 1,000 feet.

[2] KRS 431.073 was amended effective June 27, 2019.

Class D felony conviction. The Commonwealth argues that the circuit court's interpretation of KRS 431.073(1)(d) was too broad.

It is well-established that interpretation of a statute presents an issue of law for the Court, and our review proceeds *de novo*. *Spencer Cty. Pres., Inc. v. Beacon Hill, LLC*, 214 S.W.3d 327, 329 (Ky. App. 2007). When interpreting an ambiguous statute, "[o]ur duty . . . is to ascertain and give effect to the intent of the general assembly." *Id.* at 329. In so doing, words are to be afforded their ordinary or plain meaning unless same would lead to an absurd result. *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004); *Ky. Occupational Safety and Health Review Comm'n v. Estill Cty. Fiscal Court*, 503 S.W.3d 924, 929 (Ky. 2016). And, a statute is to be interpreted by considering it as a whole. *Cosby*, 147 S.W.3d at 58. Our review proceeds accordingly.

KRS 431.073 sets forth statutory law relating to expungement of felony convictions. Resolution of this appeal is dependent upon a proper interpretation of KRS 431.073(1), which provides:

(1) Any person who has been:

> (a) Convicted of a Class D felony violation of KRS 17.175, 186.990, 194A.505, 194B.505, 217.181, 217.207, 217.208, 218A.140, 218A.1415, 218A.1416, 218A.1417, 218A.1418, 218A.1423, 218A.1439, 218A.282, 218A.284, 218A.286, 218A.320, 218A.322, 218A.324, 218A.500, 244.165, 286.11-057, 304.47-

025, 324.990, 365.241, 434.155, 434.675, 434.850, 434.872, 511.040, 512.020, 514.030, 514.040, 514.050, 514.060, 514.065, 514.070, 514.080, 514.090, 514.100, 514.110, 514.120, 514.140, 514.150, 514.160, 516.030, 516.060, 516.090, 516.108, 517.120, 518.040, 522.040, 524.100, 525.113, 526.020, 526.030, 528.020, 528.040, 528.050, 530.010, or 530.050;

(b) Convicted of a series of Class D felony violations of one (1) or more statutes enumerated in paragraph (a) of this subsection this section arising from a single incident;

(c) Granted a full pardon; or

(d) Convicted of a Class D felony, or an offense prior to January 1, 1975 which was punishable by not more than five (5) years' incarceration, which was not a violation of KRS 189A.010, 508.032, or 519.055, abuse of public office, a sex offense, or an offense committed against a child, and did not result in serious bodily injury or death; or of a series of felony offenses eligible under this paragraph;

may file with the court in which he or she was convicted an application to have the judgment vacated. The application shall be filed as a motion in the original criminal case. The person shall be informed of the right at the time of adjudication.

The Commonwealth urges this Court to narrowly interpret KRS

431.073(1)(d) as applicable to only those persons convicted of a Class D felony

-4-

prior to January 1, 1975. Under this narrow interpretation, Hampton's Class D felony would not qualify for expungement. The Commonwealth's proposed interpretation would necessarily require eliminating the conjunction "or" from the beginning of Section (1)(d) of the statute – "convicted of a Class D felony, **or** an offense prior to January 1, 1975 which was punishable by not more than five (5) years' incarceration[.]" KRS 431.073(1)(d) (emphasis added). Respectfully, we must reject the Commonwealth's interpretation as contrary to the plain meaning of KRS 431.073(1)(d) and also as contrary to legislative intent.

The pivotal language of KRS 431.073(1)(d) reads "[a]ny person who has been: Convicted of a Class D felony, or an offense prior to January 1, 1975 which was punishable by not more than five (5) years' incarceration . . . may file . . . an application" for expungement of said offense. The common definition of "or" is a "word to indicate an alternative." MERRIAM-WEBSTER DICTIONARY (10th ed. 2002). Applying this common definition of the word "or" to the above pivotal language in KRS 431.073(1)(d), we interpret the statute as clearly creating two classes of persons eligible to apply for expungement: a person convicted of a Class D felony, or a person convicted of an offense prior to January 1, 1975, which was punishable by not more than five-years' incarceration.

Additionally, our interpretation of KRS 431.073(1)(d) comports with legislative intent. Section (1)(d) and Section (4) of KRS 431.073 were

concomitantly enacted by the General Assembly on June 27, 2019. KRS

431.073(4) provides:

> (4) (a) In an application pursuant to subsection (1)(d) of this section, upon the filing of the Commonwealth's response objecting to the vacating of a judgment and expungement of a record, the court shall schedule a hearing within one hundred twenty (120) days of the Commonwealth's response. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. At the hearing at which the applicant or his or her attorney must be present, the applicant must prove by clear and convincing evidence that:
>
> > 1. Vacating the judgment and expunging the record is consistent with the welfare and safety of the public;
> >
> > 2. The action is supported by his or her behavior since the conviction or convictions, as evidenced that he or she has been active in rehabilitative activities in prison and is living a law-abiding life since release;
> >
> > 3. The vacation and expungement is warranted by the interests of justice; and
> >
> > 4. Any other matter deemed appropriate or necessary by the court to make a determination regarding the petition for expungement is met.
>
> (b) At the hearing, the applicant may testify as to the specific adverse consequences he or she may be subject to if the application is denied. The court may hear testimony of witnesses and any other matter the court deems proper and relevant to its determination regarding the application. The Commonwealth may present proof of any extraordinary circumstances that exist to deny the application. A victim of any offense listed in the

application shall have an opportunity to be heard at any hearing held under this section.

(c) If the court determines that circumstances warrant vacation and expungement and that the harm otherwise resulting to the applicant clearly outweighs the public interest in the criminal history record information being publicly available, then the original conviction or convictions shall be vacated and the records shall be expunged. The order of expungement shall not preclude a prosecutor's office from retaining a nonpublic record for law enforcement purposes only.

As gleaned from above, KRS 431.073(4) sets forth additional requirements that an individual must meet to be entitled to expungement under KRS 431.073(1)(d). These additional requirements are stricter than the requirements for individuals seeking expungement under KRS 431.073(1)(a)-(c). In enacting these stricter requirements, the General Assembly recognized that a more expansive class of individuals would be eligible to apply for expungement under KRS 431.073(1)(d). Thus, our broader interpretation of KRS 431.073(1)(d) comports with the legislative intent as gleaned from the concomitant enactment of KRS 431.073(4).

We view any remaining contentions of error to be moot or without merit. In sum, we are of the opinion that the circuit court properly granted Hampton's application to expunge her prior Class D felony conviction.

For the foregoing reasons, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Daniel Cameron<br>Attorney General of Kentucky | Ted Houlehan<br>Lexington, Kentucky |
| Lindsay Bishop-Hore<br>Special Assistant Attorney General<br>Frankfort, Kentucky | |