RENDERED: MARCH 1, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0368-MR

BLAKE P. WALKER APPELLANT

APPEAL FROM ADAIR CIRCUIT COURT
v.   HONORABLE DAVID L. WILLIAMS, SPECIAL JUDGE
ACTION NO. 03-CR-00008

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Blake Walker has appealed from the order of the Adair Circuit Court denying his application to vacate and expunge his felony conviction for the murder of his parents after he received a commutation and full gubernatorial pardon of his life sentence in 2019. We affirm.

For the factual and procedural background of the underlying criminal action, we shall rely upon this Court's 2008 opinion in Walker's post-conviction

appeals affirming the orders denying his Kentucky Rules of Civil Procedure (CR)

60.02 and Kentucky Rules of Criminal Procedure (RCr) 11.42 motions:

> When Walker was sixteen years old he shot and killed his mother and father. His case was transferred from juvenile court and he was indicted as an adult. The Commonwealth gave notice that it intended to seek the death penalty. Walker's counsel then filed numerous motions to preclude the death penalty due to his age, as being in violation of the Kentucky and United States Constitution, as being in violation of international law, and as being disproportionate based upon the specific facts of this case. . . . Following a hearing the trial court denied Walker's motions relative to the death penalty. Within weeks of this hearing the Commonwealth made a plea offer to Walker which he accepted. On July 10, 2003, Walker, based on the advice of counsel and following a thorough *Boykin*[1] colloquy, pleaded guilty to two counts of murder. He was formally sentenced on August 26, 2003, to life without the possibility of parole for twenty-five years.

*Walker v. Commonwealth*, Nos. 2006-CA-001247-MR and 2006-CA-002074-MR,

2008 WL 1991612, at *1 (Ky. App. May 9, 2008).

On December 6, 2019, then-Governor Bevin commuted Walker's life

sentence and, without a request to do so, granted him a full and unconditional

pardon, thereby returning to him all rights and privileges of a citizen of the

Commonwealth.

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

In July 2020, Walker filed an application to vacate and expunge his felony convictions pursuant to Kentucky Revised Statutes (KRS) 431.073 based upon the full pardon. The Commonwealth objected due to the serious nature of the charges, which, it stated, involved the execution-style murder of his parents. The circuit court held a hearing via Zoom on December 18, 2020, where it heard testimony from Walker, his uncle, his employer, his therapist, and law enforcement officers involved with the murder investigation. Thereafter, the court ordered the parties to brief the issue of the statutory requirement for granting expungement when a full pardon has been granted. In his filing, Walker argued that expungement was mandatory as long as he met the eligibility requirements and his application was not grossly incomplete (KRS 431.073(2)) and that the circuit court was not permitted to apply a balancing test because his felony conviction had been fully pardoned. In response, the Commonwealth disputed Walker's argument that expungement was mandatory, noting the use of the permissive word "may" in KRS 431.073(5) ("The court may order the judgment vacated[.]"). And it pointed out that while the court was not required to consider the various factors found in KRS 431.073(4)(a), the court was not prohibited from doing so when exercising its discretion.

The court held a second Zoom hearing on October 13, 2021, during which the parties presented their respective legal arguments. Ultimately, the court

concluded expungement was in its sound discretion and, by order entered March 4, 2022, the circuit court denied Walker's application. This appeal now follows.

Our first consideration is whether the circuit court properly interpreted KRS 431.073 in concluding that whether to grant the application based on a full pardon was within its discretion and in using the statutory factors for applications filed under KRS 431.073(1)(d):

> It is well-established that interpretation of a statute presents an issue of law for the Court, and our review proceeds *de novo*. *Spencer Cty. Pres., Inc. v. Beacon Hill, LLC*, 214 S.W.3d 327, 329 (Ky. App. 2007). When interpreting an ambiguous statute, "[o]ur duty . . . is to ascertain and give effect to the intent of the general assembly." *Id*. at 329. In so doing, words are to be afforded their ordinary or plain meaning unless same would lead to an absurd result. *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004); *Ky. Occupational Safety and Health Review Comm'n v. Estill Cty. Fiscal Court*, 503 S.W.3d 924, 929 (Ky. 2016). And, a statute is to be interpreted by considering it as a whole. *Cosby*, 147 S.W.3d at 58. Our review proceeds accordingly.

*Commonwealth v. Hampton*, 618 S.W.3d 511, 512 (Ky. App. 2021).

We shall first set out the applicable portions of the 2019 version of KRS 431.073 in effect when Walker filed his petition:[2]

> (1) Any person who has been:
>
> > (a) Convicted of a Class D felony violation of [list of statutes omitted];

---

[2] The latest version went into effect on June 29, 2023.

-4-

(b) Convicted of a series of Class D felony violations of one (1) or more statutes enumerated in subsection (1)(a) of this section arising from a single incident;

(c) Granted a full pardon; or

(d) Convicted of a Class D felony, or an offense prior to January 1, 1975 which was punishable by not more than five (5) years' incarceration, which was not a violation of KRS 189A.010, 508.032, or 519.055, abuse of public office, a sex offense, or an offense committed against a child, and did not result in serious bodily injury or death; or of a series of felony offenses eligible under this paragraph;

may file with the court in which he or she was convicted an application to have the judgment vacated. The application shall be filed as a motion in the original criminal case. The person shall be informed of the right at the time of adjudication.

(2)   (a) A verified application to have the judgment vacated under this section shall be filed no sooner than five (5) years after the completion of the person's sentence, or five (5) years after the successful completion of the person's probation or parole, whichever occurs later.

(b) Upon the payment of the filing fee and the filing of the application, the Circuit Court clerk shall serve a notice of filing upon the office of the Commonwealth's attorney or county attorney that prosecuted the case and the county attorney of the county where the judgment was entered. The office of the Commonwealth's attorney

or county attorney that prosecuted the case shall file a response within sixty (60) days after being served with the notice of filing. That time period may be extended for good cause, but the hearing on the application to vacate the judgment shall occur no later than one hundred twenty (120) days following the filing of the application. The inability to determine the location of the crime victim shall constitute good cause for an extension of time. No hearing upon the merits of the application shall be scheduled until the Commonwealth's response has been filed, or if no response is received, no later than one hundred twenty (120) days after the filing of the application.

(c) In any case in which the Commonwealth objects that the application is grossly incomplete, the court shall order the person or agency originating the application to supplement the application.

(3) Upon the filing of the Commonwealth's response to an application, or if no response is received, no later than one hundred twenty (120) days after the filing of the application, the court shall set a date for a hearing and the Circuit Court clerk shall notify the office of the Commonwealth's attorney or county attorney that prosecuted the case. The office of the Commonwealth's attorney or county attorney that prosecuted the case shall notify the victim of the crime, if there was an identified victim. The Commonwealth's attorney or county attorney shall be authorized to obtain without payment of any fee information from the Transportation Cabinet regarding the crime victim's address on file regarding any vehicle operator's license issued to that person.

(4)    (a) In an application pursuant to subsection

(1)(d) of this section, upon the filing of the Commonwealth's response objecting to the vacating of a judgment and expungement of a record, the court shall schedule a hearing within one hundred twenty (120) days of the Commonwealth's response. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. At the hearing at which the applicant or his or her attorney must be present, the applicant must prove by clear and convincing evidence that:

1. Vacating the judgment and expunging the record is consistent with the welfare and safety of the public;

2. The action is supported by his or her behavior since the conviction or convictions, as evidenced that he or she has been active in rehabilitative activities in prison and is living a law-abiding life since release;

3. The vacation and expungement is warranted by the interests of justice; and

4. Any other matter deemed appropriate or necessary by the court to make a determination regarding the petition for expungement is met.

(b) At the hearing, the applicant may testify as to the specific adverse consequences he or she may be subject to if the application is denied. The court may hear testimony of

witnesses and any other matter the court deems proper and relevant to its determination regarding the application. The Commonwealth may present proof of any extraordinary circumstances that exist to deny the application. A victim of any offense listed in the application shall have an opportunity to be heard at any hearing held under this section.

(c) If the court determines that circumstances warrant vacation and expungement and that the harm otherwise resulting to the applicant clearly outweighs the public interest in the criminal history record information being publicly available, then the original conviction or convictions shall be vacated and the records shall be expunged. The order of expungement shall not preclude a prosecutor's office from retaining a nonpublic record for law enforcement purposes only.

(5) The court may order the judgment vacated, and if the judgment is vacated the court shall dismiss with prejudice any charges which are eligible for expungement under subsection (1) of this section or KRS 431.076 or 431.078, and, upon full payment of the fee in subsection (11) of this section, order expunged all records in the custody of the court and any records in the custody of any other agency or official, including law enforcement records, if the court finds that:

(a) The person had not, after [June 27, 2019], had a felony conviction vacated and the record expunged pursuant to this section;

(b) The person had not in the five (5) years prior to the filing of the application to have

the judgment vacated been convicted of a felony or a misdemeanor;

(c) No proceeding concerning a felony or misdemeanor is pending or being instituted against the person; and

(d) For an application pursuant to subsection (1)(d) of this section, the person has been rehabilitated and poses no significant threat of recidivism.

In the present case, the circuit court recognized that Walker filed his motion under KRS 431.073(1)(c), meaning that KRS 431.073(4)(a) did not apply to him as that subsection only pertained to applications filed under KRS 431.073(1)(d). This Court addressed the interplay of these subsections in *Hampton*, 618 S.W.3d at 514, noting that the additional requirements found in KRS 431.073(4) "are stricter than the requirements for individuals seeking expungement under KRS 431.073(1)(a)-(c)" and that "a more expansive class of individuals would be eligible to apply for expungement under KRS 431.073(1)(d)." Here, despite being stricter requirements, the circuit court opted to consider these factors, stating:

> None of these findings are required, however, according to the plain language of the statute, when the person applying for expungement has been granted an unconditional pardon. Because there is no explicit statutory standard other than what is stated above, this Court has elected to use the provisions of KRS 431.07[3](4) as guidelines in evaluating this request, even though their application is not mandated. It is

-9-

important to point out that nothing in KRS 431.073 prohibits this Court from considering such factors when exercising its discretion in ruling on the expungement. Such factors would seem to be important to the Court in considering a petition for expungement and in exercising the Court's discretion in issuing a ruling on an expungement petition.

Walker argues that the General Assembly intended expungement to be a *pro forma* process for applications made under KRS 431.073(1)(a)-(c) and that the circuit court violated the separation of powers doctrine by considering the factors in KRS 431.073(4). We disagree with both arguments. KRS 431.073(5) provides that the circuit court "may order the judgment vacated," indicating the permissive nature of the decision rather than a mandatory one based upon the general statutory definitions set forth in KRS 446.010. Subsection (26) defines the word "may" as permissive while subsection (39) defines "shall" as mandatory. *See also Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171, 136 S. Ct. 1969, 1977, 195 L. Ed. 2d 334 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement."). The General Assembly would not have used discretionary language if it had intended the process to be *pro forma*.

As to the separation of powers argument, while the statute requires a court to consider the factors in applications filed under KRS 431.073(1)(d), addressing Class D felony convictions, nowhere does it prohibit a court from

-10-

considering those or any other factors when exercising its discretion under the other three subsections. The circuit court did not amend or rewrite the statute in choosing to consider these factors, and it did so solely to provide a basis for its decision. And, in our view, these are exactly the type of factors a court would want to consider in exercising its discretion as they broadly address the protection of the general public, the interests of justice, and the applicant's behavior post-conviction. Therefore, we hold that the circuit court did not commit any error in its interpretation of KRS 431.073 or in its consideration of the criteria for applications filed under KRS 431.073(1)(d).

For our second consideration, and based upon our holding above, we must now determine whether the circuit court abused its discretion in denying Walker's application. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We find no abuse of discretion in the circuit court's decision.

The circuit court weighed the evidence presented in the application and at the hearing, and it appropriately considered the KRS 431.073(4)(a) factors in exercising its discretion as well as the balancing test set forth in KRS 431.073(4)(c) ("the harm otherwise resulting to the applicant clearly outweighs the

public interest in the criminal history record information being publicly available"):

> This Court is in agreement with Walker that his behavior since the convictions [has] shown him to be nothing other than a law-abiding citizen. However, this Court has more serious concerns regarding whether vacating the judgment and expunging the record is consistent with the welfare and safety of the public and the interests of justice. Walker was convicted of felony Murder of both of his parents. Although these[] felonies are eligible for expungement pursuant to KRS 431.073(1)(c), this Court believes the seriousness of the offenses would not justify expungement from [] Walker's record. Expungement is not warranted by the interests of justice in this case. Although pardoned, Walker was convicted of very serious crimes. Any harm to him by having these convictions on his record does not outweigh the public interest in the criminal history record being publicly available.

We recognize that the circuit court could very well have reached the opposite conclusion and given greater weight to Walker's good behavior since his conviction and, later, his pardon. However, it chose to give greater weight to the seriousness of Walker's crime, and it determined that the public had a greater interest in having access to his criminal record. We find no abuse of discretion.

For the foregoing reasons, the order of the Adair Circuit Court denying Walker's application for expungement is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Vincent Aprile II
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky