RENDERED: MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0409-MR

CAMPBELL COUNTY AND MUNICIPAL
PLANNING AND ZONING COMMISSION
AND ITS MEMBERS, C.J. PETERS, LARRY
BARROW, MICHAEL WILLIAMS, ROGER
MASON, SHARON HAYNES, TROY FRANZEN,
JEFF SCHUCHTER, DENNIS BASS, MARK
TURNER, AND JUSTIN VERST, IN THEIR
OFFICIAL CAPACITIES; AND THE
CAMPBELL COUNTY FISCAL COURT AND
ITS MEMBERS, STEVEN PENDERY, JUDGE
EXECUTIVE, TOM LAMPE, COMMISSIONER,
GEOFF BESSECKER, COUNTY
COMMISSIONER, AND BRIAN PAINTER, IN
THEIR OFFICIAL AND PERSONAL CAPACITIES          APPELLANTS


|        | APPEAL FROM CAMPBELL CIRCUIT COURT |
|--------|--------|
| v.     | HONORABLE DANIEL J. ZALLA, JUDGE |
|        | ACTION NO. 22-CI-00457 |


DAVE AND JENELLE ARMSTRONG;
ANGELA AND STEVEN SIRY; JACKIE AND
DON STAHL; ANDREA AND MIKE HOWARD;
JEFFREY AND CATHY TOM; CHRISTINA AND
PETE NEISES; KATHLEEN VICKERS; MIKE
METZGER; ANNA ZINKHORN; MARGARET
COOMER; SANDY SNELL; NOEL ROBERTS;
TERESE AND HENRY MEEKS; MICHAEL

HERINGER AND MARGARET HERINGER;
MARONDA HOMES OF CINCINNATI, LLC;
MYRTLE BURNS TRUST; IRVIN BURNS
TRUST; LYNN CHILELLI; SUSAN CASON;
AND LISA BURNS                                                        APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  EASTON, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  On June 1, 2022, the Campbell County Fiscal Court passed an ordinance rezoning approximately fifty acres of land ("the Burns Farm") in rural Campbell County.  The appellees, opponents of the zoning amendment, initiated an administrative appeal in the Campbell Circuit Court, which set aside the ordinance and remanded the case for further proceedings in the Fiscal Court.  The Campbell County and Municipal Planning and Zoning Commission and its members, in their official capacities, and the Campbell County Fiscal Court and its members, in their official and personal capacities (collectively "Campbell County"), brought this appeal from that judgment.  Because the appellees' complaint did not contain the specific factual allegations necessary to invoke the jurisdiction of the circuit court under Kentucky Revised Statutes ("KRS") 100.347(3), we vacate the circuit court's opinion and order and remand for entry of an order dismissing the appeal.

-2-

## FACTUAL AND PROCEDURAL BACKGROUND

The Burns Farm consists of 46.51 acres originally zoned for low-density single-family dwellings on lots of at least one acre. The owners of the Farm, the Myrtle K. Burns Trust, and the Irving M. Burns Trust filed an application for a zoning map amendment to allow Maronda Homes to build a subdivision consisting of 93 single-family homes with a density of two homes per acre.

The Campbell County Planning Commission staff issued a report concluding that the proposed amendment was in accordance with the Campbell County Comprehensive Plan and recommending the Planning Commission approve the amendment and forward it to the Fiscal Court. Opponents of the zoning amendment submitted petitions to the Planning Commission and contacted the Commission directly. Some of these individuals hired an attorney, who incorporated a nonprofit organization, Preserve, Protect, & Keep South Campbell County Rural, LLC, on behalf of his clients.

A public hearing on the zoning amendment was held on March 8, 2022. A staff member of the Planning Commission, a representative of Maronda Homes, and members of the public, including the appellees, spoke at the meeting. A second hearing was conducted on April 12, 2022, and followed the same pattern as the first hearing.

The Planning Commission discussed the application and voted 7 to 1 to approve the amendment and Stage 1 Development Plan, finding it was consistent with the County's Comprehensive Plan. The Commission forwarded the record to the Fiscal Court with the recommendation that it approve the amendment. The attorney for Preserve, Protect, & Keep South Campbell County Rural, LLC, urged the Fiscal Court to conduct an argument-style or trial-type hearing on the amendment. Instead, the Fiscal Court chose to act on the record of the Planning Commission and passed the ordinance adopting the map amendment.

The appellees filed an appeal in the Campbell Circuit Court, which ruled that the appellees' due process rights were violated because the Fiscal Court did not afford cross-examination of the witnesses at the public hearings. Subsequently, the court ordered the ordinance to be set aside and remanded the case to the Fiscal Court for further proceedings consistent with its opinion.[1] Campbell County appealed challenging the circuit court's ruling (1) that the appellees had adequately alleged, for purposes of invoking jurisdiction under KRS 100.347(3), that they were "injured or aggrieved" by the Fiscal Court's decision; and (2) that the appellees were denied due process because they were not afforded

[1] The circuit court's opinion and order in this case was entered on March 10, 2023. On March 29, 2023, Preserve, Protect, & Keep South Campbell County Rural, LLC filed a petition for declaration of rights which the circuit court dismissed for lack of jurisdiction. Its decision was affirmed on appeal to this Court. *See Preserve, Protect & Keep South Campbell Cnty. Rural, LLC v. Campbell Cnty. Fiscal Court*, No. 2023-CA-1304-MR, 2024 WL 3463407 (Ky. App. Jul. 19, 2024).

-4-

the opportunity to cross-examine the representatives of the Planning Commission

or Maronda at the public hearings on the zoning amendment.

## STANDARD OF REVIEW

We must first address whether the opponents of the zoning amendment were

properly before circuit court pursuant KRS 100.347(3). Statutory interpretation is

a question of law, which we review *de novo*. *Saint Joseph Hosp. v. Frye*, 415

S.W.3d 631, 632 (Ky. 2013).

## ANALYSIS

In KRS 100.347(3), the legislature created a statutory right to appeal

from rulings of legislative bodies such as the Campbell County Fiscal Court.

Because statutory appeals "are literally 'borne of' a controlling statute[,] . . . they

are premised on strict compliance with that statute." *Kenton Cnty. Board of*

*Adjustment v. Meitzen*, 607 S.W.3d 586, 595 (Ky. 2020).

The applicable statutory provision states:

Any person or entity claiming to be injured or aggrieved
by any final action of the legislative body of any city,
county, consolidated local government, or urban-county
government, relating to a map amendment shall appeal
from the action to the Circuit Court of the county in
which the property, which is the subject of the map
amendment, lies. Such appeal shall be taken within thirty
(30) days after the final action of the legislative body.
All final actions which have not been appealed within
thirty (30) days shall not be subject to judicial review.

-5-

The legislative body shall be a party in any such appeal filed in the Circuit Court.

KRS 100.347(3).

And, because the language of the statute is "clear and unequivocal[,]" *Meitzen*, 607 S.W.3d at 593, it is "incumbent" upon the appellant to claim it has been "injured or aggrieved by the final action" of the fiscal court and "to allege facts supporting such [a] claim in the complaint." *Spencer Cnty. Preservation, Inc. v. Beacon Hill, LLC*, 214 S.W.3d 327, 330 (Ky. App. 2007). "The complaint, effectively being equivalent to a notice of appeal," must "contain the necessary allegation that is a statutory requirement to pursue an appeal of the fiscal court action." *Id.* A party must claim "some type of hurt or damage, or some form of suffering or infringement that the party will experience" as a result of the fiscal court's decision. *Meitzen*, 607 S.W.3d at 592-93.

In *Meitzen*, the Kentucky Supreme Court reviewed a complaint filed in a zoning appeal and concluded that the factual allegations were inadequate for purposes of invoking the circuit court's jurisdiction under KRS 100.347(1), which is virtually identical to KRS 100.347(3).[2] The *Meitzen* complaint, a copy of which was placed in the record by the appellees, challenged a Board of Adjustment decision to allow a nursery school to operate in a residential zone. It alleged that

---

[2] "KRS 100.347(1), (2), and (3) each contain similar requirements for appeals[;] . . . they simply govern appeals from different entities." *Meitzen*, 607 S.W.3d at 596 n.10.

-6-

the Board of Adjustment had failed to consider that the children's nursery would be relocated on a very dangerous curve right next to a very busy elementary school intersection; that the elementary school buses, carrying school children twice per day, would inevitably be involved in a traffic accident if the conditional use was permitted; that placing the nursery on the site would put the general public and our school children in immediate and present danger and that many other commercial sites were available which would not be dangerous to residents traveling on the highway.

The Supreme Court held that the appellees' complaint "failed to provide any factual allegations to support a claim that they themselves were injured or aggrieved in some way" by the board's action. *Id*. at 593. The Court noted that while the particular words "injured" or "aggrieved" are not necessarily required, the plaintiffs must explain how they fit "into the statutory language authorizing an appeal." *Id*.

The complaint filed by the appellees in this case is similarly lacking in specific allegations, expressing only general concerns regarding the possibility of increased traffic and school overcrowding. It states that at the public hearing on the zoning amendment, there was "objection to the development [of the Burns Farm] due to increased traffic concerns along with objections that the local area remained local and the area had not changed in character since the adoption of the

comprehensive plan." It also states that "there was opposition based on the fact that the school adjacent to the development . . . was overcrowded based on Kentucky Department of Education school population data. It had a daily attendance of over 500 students but capacity approved by the KED is 445." The complaint repeatedly alleges that the claimants have standing as its members have been "aggrieved and injured by the final action of the planning commission and the fiscal court in approving the application," but provides no specific examples of the specific harm, damage, or injury the claimants will suffer as a result of the ordinance. The complaint explains how the appellees believe the Fiscal Court "erred legally," including the allegation that their due process rights were violated, but fails to state, "how the alleged errors affect them or cause injury to them." *Meitzen*, 607 S.W.3d at 593. As in *Meitzen*, "the complaint reads solely as a critique of the [Fiscal Court's] decision to grant [the zoning amendment], not as a claim on behalf of parties who are themselves injured or aggrieved." *Id*.

Because the complaint did not meet the statutory requirements for the circuit court to assume jurisdiction of the appeal, the appeal must be dismissed. For that reason, we need not consider the appellants' second argument regarding the cross-examination of witnesses at the public hearings.

## CONCLUSION

For the foregoing reasons, the opinion and order of the Campbell Circuit Court is vacated, and the case is remanded for the circuit court to enter an order dismissing the appeal.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Jeffrey C. Mando
Jennifer L. Langen
Covington, Kentucky

BRIEF FOR APPELLEES:

Steven Joseph Megerle
Covington, Kentucky