(Slip Opinion)          OCTOBER TERM, 2015          1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## KINGDOMWARE TECHNOLOGIES, INC. *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 14–916.   Argued February 22, 2016—Decided June 16, 2016

The Veterans Benefits, Health Care, and Information Technology Act of
2006 requires the Secretary of Veterans Affairs to set annual goals
for contracting with service-disabled and other veteran-owned small
businesses.  38 U. S. C. §8127(a).  To help reach those goals, a sepa-
rate set-aside provision known as the "Rule of Two" provides that a
contracting officer "shall award contracts" by restricting competition
to veteran-owned small businesses if the officer reasonably expects
that at least two such businesses will submit offers and that "the
award can be made at a fair and reasonable price that offers best
value to the United States."  §8127(d).  Two exceptions provide that
the contracting officer "may" use noncompetitive and sole-source con-
tracts for contracts below specific dollar amounts.  §§8127(b), (c).

In 2012, the Department procured an Emergency Notification Ser-
vice for four medical centers for a one-year period, with an option to
extend the agreement for two more, from a non-veteran-owned busi-
ness.  The Department did so through the Federal Supply Schedule
(FSS), a streamlined method that allows Government agencies to ac-
quire particular goods and services under prenegotiated terms.  After
the initial year, the Department exercised its option for an additional
year, and the agreement ended in 2013.

Petitioner Kingdomware Technologies, Inc., a service-disabled vet-
eran-owned small business, filed a bid protest with the Government
Accountability Office (GAO), alleging that the Department procured
multiple contracts through the FSS without employing the Rule of
Two.  The GAO determined that the Department's actions were un-
lawful, but when the Department declined to follow the GAO's non-
binding recommendation, Kingdomware filed suit, seeking declarato-

ry and injunctive relief.  The Court of Federal Claims granted summary judgment to the Government, and the Federal Circuit affirmed, holding that the Department was only required to apply the Rule of Two when necessary to satisfy its annual goals.

*Held*:

    1. This Court has jurisdiction to reach the merits of this case.  For a federal court to have Article III jurisdiction "an actual controversy must exist . . . through all stages of the litigation."  *Already, LLC* v. *Nike, Inc.*, 568 U. S. ___, ___.  Here, no court is capable of granting petitioner relief initially sought in the complaint because the short-term FSS contracts have been completed by other contractors.  However, the controversy is "'capable of repetition, yet evading review.'"  *Spencer* v. *Kemna*, 523 U. S. 1, 17.  The procurements were fully performed in less than two years after they were awarded, and it is reasonable to expect that the Government will refuse to apply the Rule of Two in a future bid by Kingdomware.  Pp. 6–8.

    2. Section 8127(d)'s contracting procedures are mandatory and apply to all of the Department's contracting determinations.  Pp. 8–12.

    (a) Section 8127(d)'s text unambiguously requires the Department to use the Rule of Two before contracting under the competitive procedures.  The word "shall" usually connotes a requirement, unlike the word "may," which implies discretion.  Compare *Lexecon Inc.* v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 35, with *United States* v. *Rodgers*, 461 U. S. 677, 706.  The use of the word "may" in §§8127(b) and (c) confirms this reading; for when a statute distinguishes between "may" and "shall," the latter generally imposes a mandatory duty.  Pp. 8–9.

    (b) Alternative readings of §8127(d) are unpersuasive.  First, §8127(d)'s prefatory clause, which declares that the Rule of Two is designed "for the purposes of" meeting §8127(a)'s annual contracting goals, has no bearing on whether §8127(d)'s requirement is mandatory or discretionary.  The prefatory clause's announcement of an objective does not change the operative clause's plain meaning.  See *Yazoo & Mississippi Valley R. Co.* v. *Thomas*, 132 U. S. 174, 188.  Second, an FSS order is a "contract" within the ordinary meaning of that term; thus, FSS orders do not fall outside §8127(d), which applies when the Department "award[s] contracts."  Third, to say that the Rule of Two will hamper mundane Government purchases misapprehends current FSS practices, which have expanded well beyond simple procurement to, as in this case, contracts concerning complex information technology services over a multiyear period.  Finally, because the mandate §8127(d) imposes is unambiguous, this Court declines the invitation to defer to the Department's declaration that §8127 procedures are inapplicable to FSS orders.  See *Chevron*

Syllabus

*U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U. S. 837, 842–843. Pp. 9–12.

754 F. 3d 923, reversed and remanded.

THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 14–916

KINGDOMWARE TECHNOLOGIES, INC., PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

[June 16, 2016]

JUSTICE THOMAS delivered the opinion of the Court.

Petitioner Kingdomware Technologies, Inc., a veteran-owned small business, unsuccessfully vied for a federal contract from the Department of Veterans Affairs to provide emergency-notification services. Kingdomware sued, arguing that the Department violated a federal law providing that it "shall award" contracts to veteran-owned small businesses when there is a "reasonable expectation" that two or more such businesses will bid for the contract at "a fair and reasonable price that offers best value to the United States." 38 U. S. C. §8127(d). This provision is known as the Rule of Two.

In this case, we consider whether the Department must use the Rule of Two every time it awards contracts or whether it must use the Rule of Two only to the extent necessary to meet annual minimum goals for contracting with veteran-owned small businesses. We conclude that the Department must use the Rule of Two when awarding contracts, even when the Department will otherwise meet its annual minimum contracting goals.

I

This case concerns the interplay between several federal statutes governing federal procurement.

A

In an effort to encourage small businesses, Congress has mandated that federal agencies restrict competition for some federal contracts. The Small Business Act thus requires many federal agencies, including the Department of Veterans Affairs, to set aside contracts to be awarded to small businesses. The Act requires each agency to set "an annual goal that presents, for that agency, the maximum practicable opportunity" for contracting with small businesses, including those "small business concerns owned and controlled by service-disabled veterans." 15 U. S. C. §644(g)(1)(B). And federal regulations set forth procedures for most agencies to "set aside" contracts for small businesses. See, *e.g.,* 48 CFR §19.502–2(b) (2015).

In 1999, Congress expanded small-business opportunities for veterans by passing the Veterans Entrepreneurship and Small Business Development Act, 113 Stat. 233. That Act established a 3% governmentwide contracting goal for contracting with service-disabled veteran-owned small businesses. 15 U. S. C. §644(g)(1)(A)(ii).

When the Federal Government continually fell behind in achieving these goals, Congress tried to correct the situation. Relevant here, Congress enacted the Veterans Benefits, Health Care, and Information Technology Act of 2006, §§502, 503, 120 Stat. 3431–3436 (codified, as amended, at 38 U. S. C. §§8127, 8128). That Act requires the Secretary of Veterans Affairs to set more specific annual goals that encourage contracting with veteran-owned and service-disabled veteran-owned small businesses. §8127(a). The Act's "Rule of Two," at issue here, provides that the Department "shall award" contracts by restricting competition for the contract to service-disabled or other veteran-

owned small businesses.  To restrict competition under the Act, the contracting officer must reasonably expect that at least two of these businesses will submit offers and that "the award can be made at a fair and reasonable price that offers best value to the United States." §8127(d).[1]

Congress provided two exceptions to the Rule.  Under those exceptions, the Department may use noncompetitive and sole-source contracts when the contracts are below specific dollar amounts.  Under §8127(b), a contracting officer "may use procedures other than competitive procedures" to award contracts to veteran-owned small businesses when the goods or services that are the subject of such contracts are worth less than the simplified acquisition threshold.  38 U. S. C. §8127(b); 41 U. S. C. §134 (establishing a "'simplified acquisition threshold'" of $100,000); see also §1908 (authorizing adjustments for inflation); 75 Fed. Reg. 53130 (codified at 48 CFR §2.101 (2010)) (raising the amount to $150,000).  And under 38 U. S. C. §8127(c), a contracting officer "may award a contract to a [veteran-owned small business] using procedures other than competitive procedures" if the contract is worth more than the simplified acquisition threshold but less than $5 million, the contracting officer determines that the business is "a responsible source with respect to performance of such contract opportunity," and the award can be made at "a fair and reasonable price."  38 U. S. C. §8127(c).

––––––––––

[1] This provision reads in full:
"Except as provided in subsections (b) and (c), for purposes of meeting the goals under subsection (a), and in accordance with this section, a contracting officer of the Department shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States."  38 U. S. C. §8127(d).

In finalizing its regulations meant to implement the Act, the Department stated in a preamble that §8127's procedures "do not apply to [Federal Supply Schedule] task or delivery orders."  VA Acquisition Regulation, 74 Fed. Reg. 64624 (2009).  The Federal Supply Schedule (FSS) generally is a streamlined method for Government agencies to acquire certain supplies and services in bulk, such as office supplies or food equipment.  48 CFR §8.402(a) (2015).  Instead of the normal bidding process for each individual order, FSS contracts are ordinarily pre-negotiated between outside vendors and the General Services Administration, which negotiates on behalf of various Government agencies.  See §8.402(b); *Sharp Electronics Corp.* v. *McHugh*, 707 F. 3d 1367, 1369 (CA Fed 2013).  Under FSS contracts, businesses agree to provide "[i]ndefinite delivery" of particular goods or services "at stated prices for given periods of time."  §8.402(a).  Agencies receive a list of goods and services available through the FSS.  Because the terms of purchasing these goods and services have already been negotiated, contracting officers can acquire these items and services simply by issuing purchase orders.

### B

Kingdomware Technologies, Inc., is a service-disabled veteran-owned small business.  Around January 2012, the Department decided to procure an Emergency Notification Service for four medical centers.[2]  In an emergency, this service sends important information to Department personnel.  The Department sent a request for a price quotation to a non-veteran-owned company through the FSS system.  That company responded with a favorable price, which the Department accepted around February 22,

--------

[2] We use "Department" when referring to the Government as a party in this litigation.

2012. The agreement was for one year, with an option to extend the agreement for two more. The Department exercised the one option to extend the time, and performance was completed in May 2013. Decl. of Corydon Ford Heard III ¶8.

Kingdomware challenged the Department's decision to award the contract to a non-veteran-owned company by filing a bid protest with the Government Accountability Office (GAO). See 31 U. S. C. §3552(a). Kingdomware alleged that the Department procured multiple contracts through the FSS without restricting competition using the Rule of Two, as required by §8127. Kingdomware contended that the Department could not award the contracts at issue here without first checking to see whether at least two veteran-owned small businesses could perform the work at a fair and reasonable price. The GAO issued a nonbinding determination that the Department's failure to employ the Rule of Two was unlawful and recommended that the Department conduct market research to determine whether there were two veteran-owned businesses that could fulfill the procurement. The Department disagreed with the recommendation.

Petitioner then filed suit in the Court of Federal Claims and sought declaratory and injunctive relief.[3] The Court of Federal Claims granted summary judgment to the Department. 107 Fed. Cl. 226 (2012).

A divided panel of the Federal Circuit affirmed. 754 F. 3d 923 (2014). In the majority's view, §8127 did not require the Department to use the Rule of Two in all contracting. *Id.,* at 933–934. Instead, the court concluded,

_____

[3] Petitioner's complaint additionally stated claims for two other bid protests. To simplify the proceedings, the parties entered into a joint stipulation of facts concerning only the one bid protest described above. The details concerning the two other disputed bids are relevant only for mootness analysis since the work related to both bids has been performed. See Part II, *infra.*

mandatory application of the Rule of Two was limited to contracts necessary to fulfill its statutory purpose—to provide a means of satisfying the Department's annual contracting goals described in §8127(a). *Id.*, at 934. Thus, so long as those goals were satisfied, the Court of Appeals concluded, the Department need not apply the Rule of Two any further. *Ibid.* Judge Reyna dissented, arguing that §8127 employs mandatory language that "could not be clearer" in requiring the Department to apply the Rule of Two in every instance of contracting. *Id.,* at 935.

We granted certiorari to decide whether §8127(d) requires the Department to apply the Rule of Two in all contracting, or whether the statute gives the Department some discretion in applying the rule. 576 U. S. ___ (2015).

## II

Before we reach the merits, we must assess our jurisdiction. Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies," and "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC* v. *Nike, Inc.*, 568 U. S. ___, ___ (2013) (slip op., at 3–4) (internal quotation marks omitted).

Here, no live controversy in the ordinary sense remains because no court is now capable of granting the relief petitioner seeks. When Kingdomware filed this suit four years ago, it sought a permanent injunction and declaratory relief with respect to a particular procurement. The services at issue in that procurement were completed in May 2013. And the two earlier procurements, which Kingdomware had also protested, were complete in September 2012. See Decl. of Corydon Ford Heard III ¶¶6–8. As a result, no court can enjoin further performance of those services or solicit new bids for the performance of those services. And declaratory relief would have no effect here with respect to the present procurements because the

services have already been rendered.

Although a case would generally be moot in such circumstances, this Court's precedents recognize an exception to the mootness doctrine for a controversy that is "'capable of repetition, yet evading review.'" *Spencer* v. *Kemna*, 523 U. S. 1, 17 (1998). That exception applies "only in exceptional situations," where (1) "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Ibid.* (internal quotation marks omitted; brackets in original).

That exception applies to these short-term contracts. First, the procurements were fully performed in less than two years after they were awarded. We have previously held that a period of two years is too short to complete judicial review of the lawfulness of the procurement. See *Southern Pacific Terminal Co.* v. *ICC*, 219 U. S. 498, 514–516 (1911). Second, it is reasonable to expect that the Department will refuse to apply the Rule of Two in a future procurement for the kind of services provided by Kingdomware. If Kingdomware's interpretation of §8127(d) is correct, then the Department must use restricted competition rather than procure on the open market. And Kingdomware, which has been awarded many previous contracts, has shown a reasonable likelihood that it would be awarded a future contract if its interpretation of §8127(d) prevails. See Decl. of Corydon Ford Heard III ¶¶11–15 (explaining that the company continues to bid on similar contracts). Thus, we have jurisdiction because the same legal issue in this case is likely to recur in future controversies between the same parties in circumstances where the period of contract performance is too short to allow full judicial review before performance is complete. Our interpretation of §8127(d)'s requirements in this case will govern the Department's

future contracting.

## III

On the merits, we hold that §8127 is mandatory, not discretionary. Its text requires the Department to apply the Rule of Two to all contracting determinations and to award contracts to veteran-owned small businesses. The Act does not allow the Department to evade the Rule of Two on the ground that it has already met its contracting goals or on the ground that the Department has placed an order through the FSS.

## A

In statutory construction, we begin "with the language of the statute." *Barnhart* v. *Sigmon Coal Co.*, 534 U. S. 438, 450 (2002). If the statutory language is unambiguous and "the statutory scheme is coherent and consistent"—as is the case here—"[t]he inquiry ceases." *Ibid.*

We hold that §8127(d) unambiguously requires the Department to use the Rule of Two before contracting under the competitive procedures. Section 8127(d) requires that "a contracting officer of the Department *shall* award contracts" to veteran-owned small businesses using restricted competition whenever the Rule of Two is satisfied, "[e]xcept as provided in subsections (b) and (c)." (Emphasis added.) Subsections (b) and (c) provide, in turn, that the Department "may" use noncompetitive procedures and sole-source contracts for lower value acquisitions. §§8127(b), (c). Except when the Department uses the noncompetitive and sole-source contracting procedures in subsections (b) and (c), §8127(d) requires the Department to use the Rule of Two before awarding a contract to another supplier. The text also has no exceptions for orders from the FSS system.

Congress' use of the word "shall" demonstrates that §8127(d) mandates the use of the Rule of Two in all con-

tracting before using competitive procedures. Unlike the word "may," which implies discretion, the word "shall" usually connotes a requirement. Compare *Lexecon Inc.* v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 35 (1998) (recognizing that "shall" is "mandatory" and "normally creates an obligation impervious to judicial discretion"), with *United States* v. *Rodgers*, 461 U. S. 677, 706 (1983) (explaining that "[t]he word 'may,' when used in a statute, usually implies some degree of discretion"). Accordingly, the Department *shall* (or *must*) prefer veteran-owned small businesses when the Rule of Two is satisfied.

The surrounding subsections of §8127 confirm that Congress used the word "shall" in §8127(d) as a command. Like §8127(d), both §8127(b) and §8127(c) provide special procedures "[f]or purposes of meeting the goals under [§8127(a)]." §§8127(b), (c). But, in contrast to §8127(d), those latter two provisions state that "a contracting officer of the Department *may* use" (or, for §8127(c), "*may* award") such contracts. §§8127(b), (c) (emphasis added). When a statute distinguishes between "may" and "shall," it is generally clear that "shall" imposes a mandatory duty. See *United States ex rel. Siegel* v. *Thoman*, 156 U. S. 353, 359–360 (1895). We see no reason to depart from the usual inference here.

We therefore hold that, before contracting with a non-veteran owned business, the Department must first apply the Rule of Two.[4]

## B

The Federal Circuit and the Department offered several

---

[4] We need not decide today precisely what sort of search for veteran-owned small businesses the Department must conduct to comply with the Rule of Two. We do not decide, for example, whether the Department may satisfy its obligations by searching for eligible veteran-owned small businesses within the FSS, or whether it must conduct a broader search for such businesses.

reasons for their alternative reading of §8127(d) as a discretionary provision that the Department can disregard for at least some contracting decisions. We disagree with them.

To hold that §8127(d) is discretionary, the Federal Circuit relied on §8127(d)'s prefatory clause. 754 F. 3d, at 933. That clause declares that the Rule of Two is designed "for the purposes of" meeting the annual contracting goals that the Department is required to set under §8127(a). The Department originally made a similar argument before changing arguments in its briefing on the merits. Compare Brief in Opposition 13–15 with Brief for United States 24–25.

But the prefatory clause has no bearing on whether §8127(d)'s requirement is mandatory or discretionary. The clause announces an objective that Congress hoped that the Department would achieve and charges the Secretary with setting annual benchmarks, but it does not change the plain meaning of the operative clause, §8127(d). See *Yazoo & Mississippi Valley R. Co.* v. *Thomas*, 132 U. S. 174, 188 (1889) (explaining that prefatory clauses or preambles cannot change the scope of the operative clause).

The Federal Circuit's interpretation also would produce an anomaly. If the Federal Circuit's understanding of §8127(d)'s prefatory clause were correct, then §§8127(b) and (c), which also contain "[f]or purposes of meeting the goals" clauses, would cease to apply once the Department meets the Secretary's goal, and the Department would be required to return to competitive bidding. If we interpreted the "purposes" clause of §8127(d) to mean that its mandate no longer applies if the goals are met, then the identical "purposes" clauses of §§8127(b) and (c) would also render those clauses' permissive mandates inapplicable. This would require the Department, once the goals are met, to award bids using the default contracting pro-

cedures rather than to use the noncompetitive and single-source provisions in §§8127(b) and (c).

Second, the Department argues that the mandatory provision does not apply to "orders" under "pre-existing FSS contracts." Brief for United States 25. The Department failed to raise this argument in the courts below, and we normally decline to entertain such forfeited arguments. See *OBB Personenverkehr AG* v. *Sachs*, 577 U. S. \_\_\_, \_\_\_ (2015) (slip op., at 10). But the Department's forfeited argument fails in any event. Section 8127(d) applies when the Department "award[s] contracts." When the Department places an FSS order, that order creates contractual obligations for each party and is a "contract" within the ordinary meaning of that term. See, *e.g.*, Black's Law Dictionary 389 (10th ed. 2014) ("[a]n agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law"). It also creates a "contract" as defined by federal regulations, namely, a "mutually binding legal relationship obligating the seller to furnish the supplies or services . . . and the buyer to pay for them," including "all types of commitments that obligate the Government to an expenditure of appropriated funds and" (as a general matter) "are in writing." 48 CFR §2.101 (2015). An FSS order creates mutually binding obligations: for the contractor, to supply certain goods or services, and for the Government, to pay. The placement of the order creates a new contract; the underlying FSS contract gives the Government the option to buy, but it does not require the Government to make a purchase or expend funds. Further confirming that FSS orders are contracts, the Government is not completely bound by the FSS contract's terms; to the contrary, when placing orders, agencies may sometimes seek different terms than are listed in the FSS. See §8.405–4 (permitting agencies to negotiate some new terms, such as requesting "a price reduction," when ordering from the FSS).

Third, the Department contends that our interpretation fails to appreciate the distinction between FSS orders and contracts.  The Department maintains that FSS orders are only for simplified acquisitions, and that using the Rule of Two for these purchases will hamper mundane purchases like "griddles or food slicers."  Brief for United States 21.

But this argument understates current practices under the FSS.  The Department has expanded use of the FSS well beyond simple procurement.  See Brief for Iraq and Afghanistan Veterans of America as *Amicus Curiae* 14–16.  This case proves the point: the contract at issue here concerned complex information technology services over a multiyear period.  Moreover, the Department may continue to purchase items that cost less than the simplified acquisition threshold (currently $150,000) through the FSS, if the Department procures them from a veteran-owned small business.  See 38 U. S. C. §8127(b).

Finally and relatedly, the Department asks us to defer to its interpretation that FSS "orders" are not "contracts."  See *Chevron U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U. S. 837, 843–844 (1984) (establishing deference to an agency's interpretation of an ambiguous statute).  Even assuming, *arguendo,* that the preamble to the agency's rulemaking could be owed *Chevron* deference, we do not defer to the agency when the statute is unambiguous.  See *id.,* at 842–843.  For the reasons already given, the text of §8127(d) clearly imposes a mandatory duty.  Thus, we decline the Department's invitation to defer to its interpretation.

\*    \*    \*

We hold that the Rule of Two contracting procedures in §8127(d) are not limited to those contracts necessary to fulfill the Secretary's goals under §8127(a).  We also hold that §8127(d) applies to orders placed under the FSS.  The judgment of the Court of Appeals for the Federal Circuit is

reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*