**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAYDEE OUANO RASTEGAR, an individual; GHOLAM H. RASTEGAR, an individual; BRIAN BIJAN RASTEGAR, an individual, | No.    16-55551 |
| | D.C. No. 8:16-cv-00078-JVS-DFM |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| WELLS FARGO BANK, N.A., AKA Wachovia Mortgage, a Division of WELLS FARGO/WORLD SAVINGS AND LOAN, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 5, 2018
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[**] District Judge.

Haydee, Gholam, and Brian Rastegar appeal the district court's dismissal of their claims against Wells Fargo for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, constructive fraud, and for an accounting, as well as their claims brought under California's Homeowner Bill of Rights (HBOR). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The confirmation of the bankruptcy plan had preclusive effect. *See Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). Because Brian Rastegar is in privity with Haydee Rastegar,[2] *see Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053–54 (9th Cir. 2005), the amount of the loan and the applicable interest rates were necessarily determined in the confirmation of the plan, *see Bullard*, 135

---

[**] The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] Plaintiffs-Appellants' corrected motion for judicial notice (Doc. 54) is GRANTED with respect to Exhibits B, G, H, and I, and DENIED with respect to Exhibits A, C, D, E, and F. Defendant-Appellee's motion for judicial notice (Doc. 41) is DENIED. Plaintiffs-Appellants' initial motion for judicial notice (Doc. 53) is DENIED as moot.

[2] Assuming Gholam Rastegar can bring a claim for breach of contract even though he is not a party to the contract, he is also in privity with Haydee Rastegar. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053–54 (9th Cir. 2005).

2

S. Ct. at 1692, and such determination was critical to the plan's confirmation, *see Town of N. Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993), plaintiffs' claims for breach of contract are barred by issue preclusion.

Moreover, plaintiffs are judicially estopped from taking the position that the bankruptcy court's determination of the loan amount and applicable interest rates was incorrect, because that position is "clearly inconsistent" with Haydee Rastegar's position taken in the bankruptcy proceeding that Wells Fargo's proof of claim was correct, and because the bankruptcy court accepted that position in the bankruptcy proceeding. *See Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013).

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is time barred with respect to their allegations that Wells Fargo's predecessor instructed them to default on their loan, were slow to engage in modification discussions (or refused to engage in modification discussions), and refused to accept partial payments to cure the default, because such alleged conduct occurred more than four years prior to the filing of the complaint. *See* Cal. Civ. Proc. Code § 337. Furthermore, because plaintiffs failed to allege any clear and unambiguous promise made by Wells Fargo, their claim for promissory estoppel fails. *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225–29 (2011). The

promissory estoppel claim also fails because it is time barred. *See* Cal. Civ. Proc. Code § 339.

Because the mortgage default was cured during the pendency of this appeal, plaintiffs do not face an impending default or foreclosure. They therefore cannot receive injunctive or monetary relief under HBOR. *See* Cal. Civ. Code §§ 2923.55, 2923.6, 2923.7, 2924.11, 2924.18 (2015). Further, they cannot receive damages under HBOR because no foreclosure has occurred. *See* Cal. Civ. Code § 2924.12(b) (2015). Accordingly, their HBOR claims are moot. *See Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016).

Plaintiffs failed to state a claim for negligent misrepresentation because they did not allege that Wells Fargo had reason to believe that the amounts of the loan listed in public filings were incorrect. *See Masters v. San Bernardino Cty. Emps. Ret. Ass'n*, 32 Cal. App. 4th 30, 40 n.6 (1995). Plaintiffs also failed to state a constructive fraud claim because they failed to allege a fiduciary or confidential relationship with Wells Fargo. *See Assilzadeh v. Cal. Fed. Bank*, 82 Cal. App. 4th 399, 415 (2000). Plaintiffs likewise failed to state a claim for an accounting because they did not allege a relationship that requires an accounting. *See Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009).

4

Finally, the district court did not err in dismissing each of plaintiffs' claims without leave to amend, because no facts could be alleged to cure the defects in the complaint. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**AFFIRMED.**