# United States Court of Appeals for the Federal Circuit

_____

**NIKA TECHNOLOGIES, INC.,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

_____

2020-1924

_____

Appeal from the United States Court of Federal Claims in No. 1:20-cv-00299-CFL, Senior Judge Charles F. Lettow.

_____

Decided:  February 4, 2021

_____

JAMES WILLIAM POIRIER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellant. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE.

_____

Before PROST, *Chief Judge*, LOURIE and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Bid protests filed at the Government Accountability Office within five days of debriefing invoke an automatic stay

of performance of the underlying contract under 31 U.S.C. § 3553(d). NIKA Technologies, Inc. filed a bid protest at the GAO six days after receiving a written debriefing regarding its failed bid on a government contract, but the GAO denied an automatic stay as untimely. NIKA filed an action at the Court of Federal Claims, which instituted the stay. The government appeals. Because we hold that the plain language of 31 U.S.C. § 3553(d) dictates that the deadline for invoking the automatic stay is five days after the written debriefing is supplied (unless, as discussed below, the protestor submits additional questions), we reverse.

I

The Army Corps of Engineers issued a request for proposals seeking services for its Operation and Maintenance Engineering and Enhancement Program. NIKA bid but was not awarded a contract, so the Corps alerted NIKA to its right to request a debriefing.  NIKA made a timely request for debriefing. On March 4, 2020, the Corps sent NIKA a written debriefing and alerted NIKA of the right to submit additional questions.  NIKA did not submit any additional questions. NIKA filed a protest at the GAO on March 10—six days after the written debriefing.

Under 31 U.S.C. § 3553(d), bid protests filed at the GAO invoke an automatic stay of procurement during the pendency of the protest if the federal agency awarding the contract receives notice within five days of debriefing. But here, the GAO denied the stay as untimely because NIKA did not file its protest with the GAO until six days after receiving a written debriefing.

NIKA then filed an action at the Court of Federal Claims on the theory that, although the debriefing period began upon receipt of the written debriefing, debriefing did not end until two days later. NIKA cited 10 U.S.C. § 2305(b)(5)(B)(vii), which states that "[t]he debriefing shall include . . . an opportunity for a disappointed offeror to submit, within two business days after receiving a post-

award debriefing, additional questions related to the de-briefing." The Court of Federal Claims sided with NIKA and instituted the stay.

Since that time, the bid protest has concluded, which means that the stay has also ended. Thus, although the government appeals, NIKA no longer has an interest in the case and has not responded.

## II

As a threshold matter, we address whether the case is moot.

The order that the government challenges expired on June 5, 2020. J.A. 1. Thus, any decision from this court would not directly affect the parties, which presents mootness concerns. *See DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974) (citations omitted) (noting that when a case "no longer 'touch(es) the legal relations of parties having adverse legal interests'" it is generally moot).

However, there is an exception to the mootness doctrine for cases capable of repetition but evading review. "That exception applies 'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). We address these two prongs below.

## A

Because of the legal time constraints, this is an issue that is evading review. Some cases are inherently unlikely to get through the judicial-review process before they would become moot. Here, by statute, GAO bid protests must be decided within 100 days of submission. 31 U.S.C. § 3554(a)(1). By regulation, the GAO does not decide

disputes about the stay of procurement activities. 4 C.F.R. § 21.6. Therefore, in order to receive judicial review regarding a GAO stay of procurement activities, a party has at most 100 days for proceedings at the Court of Federal Claims (concerning whether a protest at the GAO was filed in time for the protester to invoke the stay), for the United States to get permission to appeal, for the United States to file an appeal with this court, and for this court to consider and decide the case. Completing all these activities in 100 days is unrealistic, if not impossible. Therefore, this issue is evading review. *See, e.g.*, *Kingdomware Techs., Inc.*, 136 S. Ct. at 1976 (2016) (holding that an issue was evading review because there were only two years to complete judicial review before the case would be rendered moot).

B

This issue is also capable of repetition. "[T]he capable-of-repetition doctrine applies… generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). In other words, we must decide whether there is a reasonable expectation that the party invoking review here will run into this same problem again. *See Kingdomware Techs, Inc.*, 136 S. Ct. at 1976. The question is "whether the controversy [is] *capable of repetition* and not . . . whether the claimant [has] demonstrated that a recurrence of the dispute was more probable than not." *Honig v. Doe*, 484 U.S. 305, 318 n.6 (1988) (emphasis added). Here, there is a "reasonable expectation that" the government "[will] be subject to the same action again" because it is likely that future bid protestors will rely on the Court of Federal Claims' decision below and wait beyond the deadline to invoke a stay of procurement. *See Kingdomware Techs., Inc.*, 136 S. Ct. at 1976 (alteration in original). In 2019, there were 2,198 bid protests at the GAO, many of which involved potential stays on procurement. U.S. Gov't Accountability Off., GAO-20-220SP, GAO Bid Protest Annual Report to Congress for Fiscal

Year 2019 (2019). The government will be involved in all future bid protests, and there is a reasonable expectation that the deadline will be missed by future bid protestors, given the number of protests and the short timeline for protests.

We hold that this issue is capable of repetition but evading review and therefore consider the merits.

## III

One statutory incentive for bid protestors to file claims at the GAO rather than the Court of Federal Claims is that a bid protester is entitled to invoke a stay on procurement for the duration of the GAO proceedings. To invoke this stay, the protester must file at the GAO quickly, before one of two deadlines: within ten days of the contract award or within five days of the debriefing date offered for a required debriefing. These deadlines are codified in 31 U.S.C. § 3553(d), the statute at issue here, which we reproduce in part below:

> (3)(A) If the Federal agency awarding the contract receives notice of a protest in accordance with this section during the period described in paragraph (4)—
>
>> (i) the contracting officer may not authorize performance of the contract to begin while the protest is pending;
>
> . . .
>
> (4)(A) The period referred to in . . . (3)(A), with respect to a contract, is the period beginning on the date of the contract award and ending on the later of—
>
>> (i) the date that is 10 days after the date of the contract award; or

> (ii) the date that is 5 days after the debriefing date offered to an unsuccessful offeror for any debriefing that is requested and, when requested, is required.

31 U.S.C. § 3553(d). Here, it is undisputed that NIKA missed the first deadline (ten days after the contract award), so the issue is the meaning of § 3553(d)(4)(A)(ii): "the date that is 5 days after the debriefing date. . ."

## IV

We hold that the plain meaning of the statute is that the deadline in 31 U.S.C. § 3553(d)(4)(A)(ii) is five days after receipt of debriefing. In other words, we hold that the debriefing is not automatically held open for an additional two days.

The plain meaning of § 3553(d)(4)(A)(ii) is that the clock starts on the day that the bidder receives debriefing. The statute refers to "*the* debriefing date," using the singular form of the noun. § 3553(d)(4)(A)(ii) (emphasis added). If Congress thought otherwise, it could have said "the end of the debriefing period," but instead it said "the debriefing date." This indicates that the proper interpretation is that the timer starts on the day that a bidder receives its debriefing, not two days afterward. It would be at odds with the plain meaning to interpret the statute to define "the debriefing date" as a day on which no actual debriefing occurred.

Nevertheless, the Court of Federal Claims held that 10 U.S.C. § 2305(b)(5)(B)(vii) defines the term "debriefing" when it says: "The debriefing shall include . . . an opportunity for a disappointed offeror to submit, within two business days after receiving a post-award debriefing, additional questions related to the debriefing. . . ." J.A. 5–6. The court emphasized the language "shall include," and held that the statute therefore mandated that the debriefing last until this two-day window ends. J.A. 6. But this

interpretation overlooks the word "after." While the statute mandates a two-day opportunity to ask questions, it mandates it "*after*… debriefing," which means that the two-day period for questions occurs within the five-day window for filing a protest. 10 U.S.C. § 2305(b)(5)(B)(vii) (emphasis added).

Moreover, when Congress has wanted to extend the deadline in this statutory scheme, it has done so explicitly. For example, § 2305(b)(5)(C) states that when there are additional questions submitted "[t]he agency shall not consider the debriefing to be concluded until the agency delivers its written responses. . . ." By implication, when there are no additional questions submitted, as here, the debriefing period is not held open.[1]

We hold that the plain meaning of the statutory scheme is that when no additional questions are submitted, the "debriefing date" is simply the date upon which the party receives its debriefing. The five-day period described in subparagraph (A)(ii) begins on the debriefing date, rather than two days later. Because NIKA did not file at the GAO within the five-day period, it did not timely invoke the stay.

---

[1]    Similarly, 31 U.S.C. § 3553(d)(4)(B) states: "For procurements conducted by any component of the Department of Defense, the 5-day period described in subparagraph (A)(ii) does not commence until the day the Government delivers to a disappointed offeror the written responses to any questions submitted pursuant to section 2305(b)(5)(B)(vii) of title 10." This section also emphasizes that when additional questions are submitted, the deadline is extended, which implies that the deadline is generally not extended.

V

Because NIKA did not supply notice of its protest at the GAO within five days of receiving its debriefing, we hold that it did not meet the deadline of 31 U.S.C. § 3553(d)(4)(A)(ii) for invoking the stay. Accordingly, we reverse the decision of the Court of Federal Claims.

**REVERSED**

No costs.