**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-2238

IBRAHIM OUDEH; TERESA SLOAN-OUDEH,

Plaintiffs - Appellants,

v.

GOSHEN MEDICAL CENTER, INC.,

Defendant - Appellee,

and

UNITED STATES OF AMERICA; STATE OF NORTH CAROLINA,

Third Party Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cv-00576-D)

Submitted: February 28, 2022                    Decided: March 8, 2022

Before WILKINSON, MOTZ, and QUATTLEBAUM, Circuit Judges.

Affirmed as modified and affirmed by unpublished per curiam opinion.

**ON BRIEF:** R. Jonathan Charleston, Jose A. Coker, THE CHARLESTON GROUP, Fayetteville, North Carolina, for Appellants. Stephen W. Petersen, George J. Oliver, FOX ROTHSCHILD, LLP, Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ibrahim Oudeh and Teresa Sloan-Oudeh (collectively, the "Oudehs") appeal the district court's orders dismissing their state law claims with prejudice as moot and denying their Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. We affirm.

"Article III limits the jurisdiction of federal courts to cases and controversies." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016). "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016) (internal quotation marks omitted). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Catawba Riverkeeper Found.*, 843 F.3d at 588 (internal quotation marks omitted). Federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted).

Based on our review, we conclude that the district court did not err in finding that the Oudehs' state law claims are moot. However, because the district court lacked jurisdiction over the Oudehs' claims, the dismissal should have been without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice, because a court that lacks jurisdiction has no power to

3

adjudicate and dispose of a claim on the merits.").  Accordingly, we modify the district court's judgment to reflect that the dismissal of the Oudehs' action is without prejudice, affirm as modified, *see* 28 U.S.C. § 2106, and affirm the district court's order denying the Oudehs' Rule 59(e) motion.  *Oudeh v. Goshen Med. Ctr., Inc.*, No. 5:18-cv-00576-D (E.D.N.C. July 20, 2020; Oct. 15, 2020).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*;
*AFFIRMED*