**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 2, 2021
Decided June 7, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-2723

| | |
|---|---|
| MARLEIS TROVER, as Personal Representative for the Estate of Donald Dean Gaddis,* | Appeal from the United States District Court for the |
|     *Plaintiff-Appellee*, | Southern District of Illinois. |
| | |
|     *v.* | No. 19-CV-653-SMY |
| | |
| JASON WATTS, | Staci M. Yandle, |
|     *Defendant-Appellant*. | *Judge.* |

**O R D E R**

Donald Gaddis was arrested at his home in Marion, Illinois, and charged in state court with unlawful restraint and disorderly conduct. With the charges against him still pending, Gaddis filed suit in federal court under 42 U.S.C. § 1983 against Jason Watts,

---

* The plaintiff, Donald Gaddis, died on May 16, 2022. Marleis Trovis, the personal representative of his estate, is substituted on his behalf. FED. R. APP. P. 43(a).

the arresting officer, alleging a Fourth Amendment claim for false arrest. Officer Watts asked the district court to abstain and stay the federal suit under *Younger v. Harris*, 401 U.S. 37 (1971), to avoid interfering with the ongoing state prosecution. The judge denied the motion, and Officer Watts appealed.

The appeal was briefed and argued and is presently under advisement. Two issues are raised: (1) Is an order denying *Younger* abstention immediately appealable under the collateral-order doctrine; and (2) did the judge correctly deny the abstention motion?

On May 18, 2022, Gaddis's attorney notified us that Gaddis died on May 16. We directed counsel to notify us whether a personal representative has been appointed for Gaddis's estate, and if so, to move to substitute the personal representative as the plaintiff. *See* Fed. R. App. P. 43(a). We also ordered counsel for both parties to file brief statements addressing whether Gaddis's death moots this appeal.

Gaddis's counsel has now moved to substitute Marleis Trover—Gaddis's mother and the personal representative of his estate—as the plaintiff pursuant to Rule 43(a). That motion is granted.

Counsel also submitted a copy of the state court's May 20 order dismissing the criminal charges against Gaddis. Gaddis's death and the dismissal of the charges against him moots this appeal. We have held that *Younger* abstention becomes "a moot question" when the subject of the state-court proceeding dies and "there is no ongoing state proceeding" for the federal court to disturb. *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016).

Officer Watts agrees that there is no longer any basis for *Younger* abstention. He insists, however, that his appeal is saved from mootness under the exception for issues that are "capable of repetition, yet evading review." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016). "A dispute qualifies for that exception only if (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Sanchez-Gomez*, 138 S. Ct. at 1540 (quotation marks omitted).

We assume for argument's sake that the denial of *Younger* abstention satisfies the first requirement. But there is no reasonable expectation that Officer Watts will suffer the same alleged wrong—the erroneous denial of *Younger* abstention—again. We accept

that as a police officer, he will make many future arrests that lead to the issuance of state charges. But the remaining steps in the chain of events that produced this appeal— the arrestee sues him in federal court alleging a Fourth Amendment violation, the suit is filed *while the state prosecution remains pending*, and the district judge declines to abstain and stay the federal suit to await the conclusion of the state prosecution—are too unusual and speculative to satisfy the exception. Watts is asking for an advisory opinion on *Younger* and the collateral-order doctrine based on a hypothetical state of facts. But federal courts are not empowered to "decide questions that cannot affect the rights of the litigants in the case before them." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation marks omitted). We therefore dismiss the appeal as moot.

The dismissal of this interlocutory appeal has no effect on the underlying suit. Whether it survives Gaddis's death is a question for the parties and the district court to address.

RULE 43(a) MOTION GRANTED; APPEAL DISMISSED