NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN L. LONDON,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1503

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5784, Judge Michael P. Allen.

---

Decided:  June 9, 2022

---

STEVEN LONDON, Blagoevgrad, Bulgaria, pro se.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

---

Before MOORE, *Chief Judge*, DYK and CHEN, *Circuit Judges*.

PER CURIAM.

Steven L. London appeals a decision of the United States Court of Appeals for Veterans Claims denying his petition for a writ of mandamus. Because Mr. London obtained the relief sought in his mandamus petition, we *dismiss*.

## BACKGROUND

On July 12, 2013, Mr. London filed multiple disability claims with the Department of Veterans Affairs (VA). J.A. 47. The VA granted some of his claims and denied the rest. *Id.*

On March 23, 2017, Mr. London began the appeal process by submitting a notice of disagreement. J.A. 229. Almost a year later, the VA certified Mr. London's appeal to the Board of Veterans' Appeals. J.A. 189. More than a year after that, the Board had not held a hearing in Mr. London's case. J.A. 274 ¶ 3.

Alleging unreasonable delay, Mr. London petitioned the Veterans Court for a writ of mandamus compelling the Board to "render full adjudication." J.A. 278. Based on the Secretary's representation that the VA was "in the process of providing that relief," the Veterans Court denied the petition. J.A. 17–18. Mr. London appealed.

We vacated and remanded with instructions for the Veterans Court to apply the correct legal standard in deciding whether to grant Mr. London's mandamus petition. *London v. McDonough*, 840 F. App'x 596, 597 (Fed. Cir. 2021) (non-precedential). On remand, the Veterans Court again denied the petition. *London v. McDonough*, No. 19-5784, 2021 WL 4227879, at *1 (Vet. App. Sept. 17, 2021). Again, Mr. London appealed.

On October 18, 2021, the Board provided the relief that Mr. London sought in his mandamus petition. That is, it "made a decision on [his] appeal." J.A. 64. The Board affirmed the VA's denial of Mr. London's claims. J.A. 66–67.

## DISCUSSION

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III [of the Constitution]—when the issues presented are no longer live." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). If no court is capable of granting the relief a petitioner seeks, no live controversy remains. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016).

Here, there is no live controversy because the Veterans Court cannot order the Board to do what it has already done: adjudicate Mr. London's appeal. Mr. London does not dispute that the Board fully resolved his appeal in its October 18, 2021 decision. He instead argues only that the Board's decision "relied upon erroneous evidence." Appellant's Reply Br. 3. This argument is beyond the scope of Mr. London's mandamus petition, as it challenges the merits of the Board's decision. The appropriate avenue for Mr. London's merits-based argument is direct appeal. Because the Board provided the relief sought and no live controversy remains, we dismiss Mr. London's appeal as moot.

## DISMISSED

### COSTS

No costs.