NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID O. KEEL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1565

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7019, Judge Grant Jaquith.

---

Decided: August 11, 2022

---

DAVID O. KEEL, Hualapai, AZ, pro se.

DANIEL F. ROLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

David O. Keel appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his petition for a writ of mandamus. Because Mr. Keel obtained the relief sought in his petition, we *dismiss*.

## BACKGROUND

Mr. Keel served in the Army from May to December, 1980. SAppx. 140.[1] Since 1981, Mr. Keel has sought disability benefits from the Department of Veterans Affairs (VA), and his requests have been repeatedly denied. *See* SAppx. 132–33; SAppx. 138; SAppx. 140.

In 2011, Mr. Keel filed a claim for benefits, seeking (1) to reopen previously denied service connection claims for bilateral hip disorder, ischemic heart disease, gastroesophageal reflux disease (GERD), and low back disorder; (2) new benefit claims based on non-GERD gastrointestinal disorder, and sinus disorder; and (3) benefits based on total disability based on individual unemployability (TDIU). *See* SAppx. 124–31. His claims were denied by the VA regional office (RO). *See* SAppx. 124–25.

Mr. Keel appealed the RO's denial to the Board of Veterans' Appeals (Board). SAppx. 87–89. As part of the appeal, he participated, via video conference, in a Board hearing in October 2017. SAppx. 45–86. In a July 2018 order, the Board denied Mr. Keel's request to reopen service connection claims for bilateral hip disorder, ischemic heart disease, and GERD. SAppx. 28–29. However, the Board granted Mr. Keel's request to reopen a claim for service connection for low back disorder and remanded that claim and his non-GERD gastrointestinal disorder, sinus

---

[1]    "SAppx." citations herein refer to the appendix filed concurrently with Respondent's brief.

disorder, and TDIU claims for further record development. SAppx. 36–37; *see also* SAppx. 28–29.

Mr. Keel then appealed the Board's July 2018 order to the Veterans Court, alleging perceived errors in the transcript of the October 2017 Board hearing. *See* SAppx. 25. The Secretary conceded error because there was no evidence Mr. Keel was advised of his right to review the hearing transcript and seek correction of any perceived errors. The Secretary requested that the Veterans Court remand to the Board so Mr. Keel could seek correction. *See* SAppx. 26. In a February 2020 decision, the Veterans Court accepted the Secretary's concession of error, vacated the Board's July 2018 order with respect to Mr. Keel's bilateral hip disorder, ischemic heart disease, and GERD claims, and remanded "to allow Mr. Keel to submit a request for correction of any perceived [transcription] errors." SAppx. 26–27.

In view of the Veterans Court's 2020 decision, a letter was mailed to Mr. Keel in March 2021 requesting that he provide a response within 30 days to seek corrections of any perceived errors in the transcript of the 2017 Board hearing. SAppx. 11. The VA also scheduled Mr. Keel for examinations to obtain medical opinion evidence regarding the etiology of his low back disorder, non-GERD gastrointestinal disorder, sinus disorder, and TDIU claims. *Id.*

In an order dated October 7, 2021, the Board again denied Mr. Keel's request to reopen service connection claims for bilateral hip disorder, ischemic heart disease, and GERD because he did not submit new and material evidence sufficient to reopen these previously denied claims. SAppx. 8; SAppx. 10; SAppx. 13–16. The Board also denied service connection for his non-GERD gastrointestinal disorder, sinus disorder, low back disorder, and TDIU claims. SAppx. 10; SAppx. 17–22. In reaching these decisions, the Board found that Mr. Keel did not respond with corrections to the transcript for the 2017 Board hearing, declined the VA examinations, and did not respond to letters sent in March 2019 and July 2019 requesting

information regarding, and authorization for the VA to obtain, private medical records related to treatment Mr. Keel had reported. *See* SAppx. 11–12.

In September 2021, before the Board issued its October 2021 order, Mr. Keel filed a petition for a writ of mandamus with the Veterans Court alleging delay and seeking an order compelling adjudication of his remanded service connection claims. SAppx. 147, 149–53. He also averred that he had medical evidence supporting his claims. *See* SAppx. 151–52. On December 30, 2021, the Veterans Court dismissed Mr. Keel's mandamus petition, explaining that because the Board's October 2021 order adjudicated his claims and he appealed that decision to the Veterans Court, he had already obtained the relief requested in his mandamus petition. *Keel v. McDonough*, No. 21-7019, 2021 WL 6143662, at \*1 (Vet. App. Dec. 30, 2021); *see also* SAppx. 141–43 (docket for Mr. Keel's merits appeal in Veterans Court in Case No. 21-2070 (Apr. 7, 2022)). His petition was therefore moot. This appeal followed.

DISCUSSION

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III [of the Constitution]—when the issues presented are no longer live." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). If no court is capable of granting the relief a petitioner seeks, no live controversy remains. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016).

Here, there is no live controversy as to the subject matter of Mr. Keel's mandamus petition because the Veterans Court cannot order the Board to do what it has already done: adjudicate Mr. Keel's service connection claims for bilateral hip disorder, ischemic heart disease, and GERD.[2]

---

[2]    The Veterans Court interpreted Mr. Keel's mandamus petition as seeking adjudication of his bilateral hip disorder, ischemic heart disease, and GERD claims. *Keel*,

Mr. Keel does not dispute that the Board's October 2021 order adjudicated these claims. He acknowledges that he "ha[s a] 2nd docket[ed] court of appeals veterans claim with [the] same issue, still pending dispute of [Record Before the Agency]." *See* Appellant's Reply Br. 1. He instead argues that the Board's October 2021 order "denied me all issues claiming I refused comp exams, not in file, false claims by [Board] ALJ," Appellant's Br. 2; alleges that the VA never contacted him to supplement the record with medical examinations, Appellant's Reply Br. 1–2; and proffers allegedly missing facts to support of his claims, *see id.*; Appellant's Supp. Br. 1–6. Mr. Keel's arguments are beyond the scope of his mandamus petition, as they challenge the merits of the October 2021 order. The appropriate avenue for Mr. Keel's merits-based arguments is direct appeal to the Veterans Court—which he has already initiated. *See* SAppx. 141–43.

Because the Board provided the relief sought and no live controversy remains with respect to the mandamus petition,[3] we dismiss this appeal as moot.

## DISMISSED

CosTs

No costs.

---

No. 21-7019, 2021 WL 6143662, at *1. To the extent he also sought adjudication of his non-GERD gastrointestinal disorders, sinus disorder, low back disorder, and TDIU claims, *see* SAppx. 153, there likewise is no live controversy because the Board already adjudicated those claims. SAppx. 7–22.

[3] Mr. Keel's appeal does not raise any constitutional issues. *See* Appellant's Br. 2.