# United States Court of Appeals for the Federal Circuit

---

**IN RE UNITED STATES,**

*Defendant-Appellant*

---

2024-1566

---

Appeal from the United States Court of International Trade in No. 1:21-cv-00288-SAV, Judge Stephen A. Vaden.

---

Decided: February 2, 2026

---

COURTNEY SHEEHAN MCNAMARA, Office of the General Counsel, United States International Trade Commission, Washington, DC, argued for defendant-appellant. Also represented by MARGARET D. MACDONALD, KARL VON SCHRILTZ; LOREN MISHA PREHEIM, U.S. International Trade Commission.

ANDREW J. DHUEY, Andrew J. Dhuey, Attorney at Law, Berkeley, CA, argued as amicus curiae, pro se. Also represented by BRIDGET ANNE CLARKE.

ALEXANDRA H. MOSS, Public Interest Patent Law Institute, La Quinta, CA, argued as amicus curiae counsel.

---

Before DYK, TARANTO, and CHEN, *Circuit Judges*.

DYK, *Circuit Judge*.

This is a companion case to No. 2025-127, which we have decided today in a separate opinion.

I

In this antidumping and countervailing duty proceeding involving mattresses, the International Trade Commission (the "Commission") determined that an industry in the United States was materially injured by imports sold at less than fair value from Cambodia, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam and by subsidized imports from China. *See* Mattresses from Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, 86 Fed. Reg. 26545 (May 14, 2021).

On December 19, 2023, the Court of International Trade ("CIT") issued a merits opinion sustaining the Commission's final injury determination. Some of the information disclosed in this opinion had been treated by the Commission as confidential because it was submitted in response to Commission questionnaires, and the Commission treats all such information as confidential. The CIT did not redact information in its opinion that the Commission had treated as confidential, nor did it address the issue of confidential treatment.

On December 20, 2023, the Commission filed a letter asking that the court retract the public opinion and "allow the parties the opportunity to confer and submit comments regarding any BPI [business proprietary information] for which they believe the Court should afford confidential treatment." App'x 557.[1] That same day, the CIT issued an order instructing the parties to file a motion on the docket regarding alleged confidential information that "identif[ies] with specificity what the parties believe is

---

[1]    Citations to the App'x refer to the Confidential Appendix filed by the Commission in No. 24-1566, Dkt. No. 12.

Confidential[], reference[s] the Court's Rules governing BPI, and include[s] any record pages cited in the opinion where the alleged BPI is bracketed." App'x 92.

On December 22, 2023, the parties filed a joint motion requesting that the CIT reissue the opinion with specific redactions of company names and numerical approximations identified in a chart attached to the motion. The motion argued that confidential treatment should be afforded to the identified information because the Commission treats all information in questionnaire responses as confidential and for other reasons.

The CIT denied the motion on January 8, 2024. In an opinion relying on the common law right of access and emphasizing the values of transparency to the judicial process, though not specifically addressing the relevant statute authorizing the court to disclose information, 19 U.S.C. § 1516a,[2] the CIT concluded that the requested redactions did not meet the statutory requirements for confidential treatment under 19 U.S.C. § 1667f, App'x 51–62, because the information in the merits opinion was either "availabl[e] from public sources" or "disclosed in a form which cannot be associated with, or otherwise be used to

---

[2]    As discussed in the companion case, this section provides:

> The confidential or privileged status accorded to any documents, comments, or information shall be preserved in any action under this section. Notwithstanding the preceding sentence, the court may examine, in camera, the confidential or privileged material, and may disclose such material under such terms and conditions as it may order.

19 U.S.C. § 1516a(b)(2)(B).

identify, operations of a particular person," 19 U.S.C. § 1677f(a)(4)(A), (b)(2). The CIT also determined that the parties waived any claim to confidential treatment for some of the information for failure to follow CIT Rule 5(g).

The Commission appeals the CIT's denial of the joint motion. It argues that the statutory scheme in 19 U.S.C. § 1677f and 19 U.S.C. § 1516a abrogates the common law right of access and requires the CIT to preserve the confidential status of information afforded by the Commission; that it is proper for the Commission to automatically designate questionnaire responses as confidential; and that the specific information identified in the joint motion is entitled to confidential treatment.

## II

Since the claimed confidential information was released over two years ago, this case would appear to be moot. *See Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016) ("[N]o live controversy in the ordinary sense remains because no court is now capable of granting the relief petitioner seeks."); *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238–39 (9th Cir. 2012) (mooting injunction to prevent public release of petitions because "[t]his relief is no longer available because the petitions are now available to the public"); *see also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) ("Requiring UNOS to wait for a final judgment to appeal this order would allow the documents to enter public circulation, effectively rendering this appeal moot."). The Commission nevertheless contends that the case is not moot because the issues presented fall into the exception for issues that are capable of repetition yet evading review. "That exception applies 'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'"

*Kingdomware*, 579 U.S. at 170 (alterations in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

Standing alone, this case might well fall within the mootness exception. But this question is directly affected by our decision issued today in the companion case where we have addressed and resolved the merits of the Commission's contentions as to confidentiality and also held that, in cases involving claims of confidentiality, the CIT must give the Commission and the parties the opportunity to object before the claimed confidential material is released to the public. Under these circumstances, we conclude the "capable of repetition, yet evading review" exception does not apply.

The Tenth Circuit considered a similar issue in *Utah Shared Access Alliance v. Carpenter*, 463 F.3d 1125 (10th Cir. 2006). In that case, Utah Shared Access Alliance ("USA-ALL") contested the Bureau of Land Management's ("BLM's") restrictions on off-road vehicle ("ORV") use in two Utah counties. *Id.* at 1132–33. BLM issued two orders in 1999 and 2000 restricting ORV use in one of the counties. *Id.* at 1132. After the suit was filed, BLM revoked those two orders and issued a new 2003 order. *Id.* at 1132–33. USA-ALL argued that the Tenth Circuit could still review the two earlier orders under the exception to mootness for actions capable of repetition but evading review. *Id.* at 1134–35. The Tenth Circuit disagreed, noting "the 1999 and 2000 . . . Orders will not evade review because USA–ALL makes the same arguments with respect to those orders as it does with respect to the 2003 . . . Order, which this Court reviews." *Id.* at 1135.

Under these circumstances, we agree with the Tenth Circuit that the issues presented in this appeal are moot and do not evade review. *See also Nw. Res. Info. Ctr., Inc. v. Nat'l Marine Fisheries Serv.*, 56 F.3d 1060, 1069–70 (9th Cir. 1995) (concluding that a section 10 permit was moot and did not evade review because parties could, and

in fact already had, challenged the current section 10 permit in a different case); 13C Wright & Miller, Federal Practice & Procedure § 3533.8.2 (3d ed.). Issues that have been reviewed and resolved on the merits in a companion case cannot be said to evade review for the purpose of a mootness exception.

## DISMISSED

### COSTS

No costs.